**Russell H. SITTON et ux., Appellants,**

v.

**AMERICAN INSURANCE COMPANY, Appellee.**

No. 7653.

Court of Civil Appeals of Texas.

Texarkana.

April 20, 1965.

Rehearing Denied May 11, 1965.

Charles Ben Howell, Dallas, for appellants.

Royal H. Brin, Jr., Fred K. Newberry, Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellee.

FANNING, Justice.

Appellants Sittons, who were grantors in a deed, brought suit for damages allegedly sustained by the alleged fraudulent alteration of their deed, against the grantees Moorman, American Title Company, Mrs. Brown, the Notary Public who took their acknowledgments, who was an agent and employee of the title company, Mrs. Brown's husband, appellee American Insurance Company, the surety on the notary's official bond, and certain other named defendants.

After overruling motions for summary judgment made by the Moormans, Mrs. Brown and her husband, and American Title Company, the trial court sustained the motion for summary judgment of appellee surety company. The appellants have appealed from the summary judgment granted in favor of appellee surety company.

The appellants appeared in person before the notary and their acknowledgments to the deed in question were taken and certified to by the notary in a lawful and proper manner. Such events occurred on Sept. 7, 1962, and the notarial certificate executed on such date bears the date of Sept. 7, 1962.

Appellants contend to the effect that the deed was left with the notary pursuant

to an understanding that the notary would forward the same to the county clerk of Dallas County for recording; that the deed did not reach the county clerk's office for two weeks; that after said execution and acknowledgments and making of the notarial certificate of Sept. 7, 1962, and before said deed reached the county clerk's office, the names of the grantees Moorman were erased from five places in the deed and the names of Trout and wife were substituted, and that such erasures and changes were made by the notary or some one else without the consent of the Sittons, and the Sittons made various allegations as to their claimed damages allegedly being proximately caused by the acts complained of, and as against appellee surety company sought recovery of the principal amount of the notary's bond.

This is not a case where a false acknowledgment or a false notarial certificate is involved. The two Texas cases cited by appellants, Brittain v. Monsur, Tex.Civ. App., 195 S.W. 911, wr. dism. (1917), and Standard Accident Insurance Company v. State, Tex.Civ.App., 57 S.W.2d 191, wr. dism. (1933), involved situations in which the grantors were ficticious and of course did not appear before a notary, so that the notaries' certificates were false. The two cases cited above are not in point with the facts in the case at bar.

■ It is not any part of the official duties of a Notary Public in Texas to transmit or deliver acknowledged instruments to the county clerk for recording. If there was any action or agreement in this respect by the notary, Mrs. Brown, it was not in the line of her official duty as a Notary Public.

■ Likewise, if Mrs. Brown altered or permitted the alteration of the deed, (which was denied by her) after it had been lawfully acknowledged before her by the Sittons and properly certified to by her, such acts or omissions on her part (if any) occurred after her official duties as a notary in the taking of the acknowledgments of the Sittons and certifying thereto had ceased.

In 17 A.L.R.2d, Sec. 4, Notary Public or Bond-Liability, p. 956, it is stated in part as follows:

—"Notary acting in dual capacity; liability of surety.

"The liability of the surety of a notary for the latter's act depends, in part, upon whether the act complained of was in the line of his official duty as notary, and where the act was performed in a dual capacity it has often been held that the surety is not responsible.

"Thus, the notary's surety was held not liable in State ex rel. Zuber v. Hunter (1932, Mo.App.) 46 S.W.2d 216, where the notary, after taking the acknowledgment of the makers of a promissory note and mortgagors of a deed of trust, altered them so as to make them payable to himself and subsequently sold them to the plaintiff, the court saying that there was no violation by the notary of any of his official duties, which merely consisted of taking and certifying the acknowledgment of the makers of the deed of trust, and that the notary's wrongdoing occurred after his official duties in the transaction had ceased. * * *"

We hold that the trial court correctly granted appellee's motion for summary judgment.

The judgment of the trial court is affirmed.