Phillip W. **PFEIFFER** and Wife, Gail P. Pfeiffer, Appellants,

v.

**EBBY HALLIDAY REAL ESTATE, INC., Appellee.**

No. 05–87–00458–CV.

Court of Appeals of Texas, Dallas.

Feb. 18, 1988.

Rehearing Denied April 8, 1988.

James W. Lee, III, Dallas, for appellants.

J. Kent Newsom, Dallas, for appellee.

Before WHITHAM, ROWE and THOMAS, JJ.

WHITHAM, Justice.

This is an action for violations of the Texas Deceptive Trade Practices–Consumer Protection Act, brought by the purchasers of a home against the seller. The appellant-purchasers, Phillip W. Pfeiffer, and wife, Gail P. Pfeiffer, appeal from a judgment notwithstanding the verdict in favor of appellee-seller, Ebby Halliday Real Estate, Inc. The dispute centers on whether the evidence raised fact questions for the jury as to Ebby Halliday's knowledge of defects in the house's foundation and as to Ebby Halliday's unconscionable conduct. We conclude that there is no evidence raising such fact questions. Accordingly, we affirm.

For brevity, we use the Pfeiffers' description of the jury's findings in answer to special issue number two. The jury found "Ebby Halliday guilty of knowing of the problems with the foundation [and] that the failure of Ebby Halliday to disclose such information was a producing cause of damage." Likewise, we use the Pfeiffers' description of the jury's findings in answer to special issue number three. The jury found "that Ebby Halliday engaged in an unconscionable act or course of action [and] that such was a producing cause of damages." In rendering judgment notwithstanding the verdict, the trial court determined that there is no evidence of probative value to support the jury's findings to special issues two and three.

■ Whenever jury findings are favorable to a party, judgment should be rendered in the party's favor unless the trial court was justified in rendering judgment notwithstanding the verdict. *Trenholm v. Ratcliff,* 646 S.W.2d 927, 931 (Tex.1983). To sustain the action of the trial court in granting a motion for judgment notwithstanding the verdict, it must be determined that there is no evidence upon which the jury could have made the findings relied

upon. In acting on the motion, all testimony must be viewed in a light most favorable to the party against whom the motion is sought, and every reasonable intendment deducible from the evidence is to be indulged in that party's favor. *Trenholm*, 646 S.W.2d at 931. Before a judgment notwithstanding the verdict is proper, there must be no evidence of probative force upon which the jury could have made the findings relied upon. *Berlow v. Sheraton Dallas Corp.*, 629 S.W.2d 818, 821 (Tex. App.—Dallas 1982, writ ref'd n.r.e.). In the present case, the jury's findings were favorable to the Pfeiffers. Thus, we must determine if there is any evidence of probative value to support the jury's findings.

In their first point of error, the Pfeiffers contend that the trial court erred in overruling their motion for judgment on the verdict because the evidence raised fact questions for the jury as to Ebby Halliday's knowledge of the foundation problems. The Pfeiffers' first point pertains to the jury's answer to special issue number two. Therefore, our inquiry turns to determine the existence of evidence upon which the jury could have made the findings relied upon by the Pfeiffers and to view any such evidence in a light most favorable to the Pfeiffers, with every reasonable intendment deductible from that evidence indulged in the Pfeiffers' favor. In doing so, we look to evidence identified by the Pfeiffers in their brief in support of their argument that the record contains evidence of probative value to support the jury's findings.

In their brief, the Pfeiffers point to the following as evidence of probative value to support the jury's findings in answer to special issue number two: visual evidence of previous foundation repairs to the house; evidence of previous repairs and problems inside the house; evidence of common knowledge among real estate dealers in the area that the house had a history of foundation problems and that other real estate agents would not list the property; evidence that the listing agent for Ebby

Halliday was a friend of the Lees (the owners from whom Ebby Halliday purchased the house to sell to the Pfeiffers) and that they visited in each others' homes; evidence that the soil conditions in Carrollton often cause foundation problems; evidence that the inspection report, prepared for the Pfeiffers by a company recommended by Ebby Halliday, indicated "some foundation settling"; and evidence that such a report would have caused someone with experience in housing in the Carrollton area to look more closely at the structure. That is the sum total of the evidence asserted to be evidence of probative value to support the jury's findings in answer to special issue number two. We consider the probative value of this evidence in light of the Pfeiffers' theory of jury submission; to wit, that Ebby Halliday violated the Act by its failure to disclose the alleged history of foundation problems.

■ Section 17.46(b)(23) of the Texas Deceptive Trade Practices Act states a violation of the Act to be:

> The failure to disclose information concerning goods or services *which was known* at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

TEX.BUS. & COM.CODE ANN. § 17.46(b)(23) (Vernon 1987) (emphasis added). Thus, we must look for evidence of probative value to show that Ebby Halliday had actual knowledge of any defective condition of the foundation prior to the Pfeiffers' purchase of the house on October 9, 1981. We must look for such evidence because the legislature incorporated a knowledge requirement in section 17.-46(b)(23). *See Robinson v. Preston Chrysler-Plymouth, Inc.*, 633 S.W.2d 500, 502 (Tex.1982). Therefore, one does not commit a deceptive trade practice if he fails to disclose material facts of which he has no knowledge to a buyer. *See Robinson*, 633 S.W.2d at 502. There is a distinction be-

tween misrepresentations and a failure to disclose information. One cannot be held liable under the Act for failure to disclose facts about which he does not know. *Robinson*, 633 S.W.2d at 502.

With *Robinson's* teachings in mind, we return to the asserted evidence of probative value said to support the jury's findings in answer to special issue number two. As to visual evidence of previous foundation repairs, we fail to see how a repaired foundation establishes Ebby Halliday's knowledge of a defective condition of the foundation prior to the Pfeiffers' purchase of the house on October 9, 1981. We reason that repairs correct defects, not prove their continued known existence. As to evidence of previous repairs and problems inside the house, we fail to see how unspecified and unidentified repairs and problems can be related to "foundation problems" without a showing of that relationship. As to common knowledge among real estate dealers in the area that the house had a history of foundation problems and that other real estate agents would not list the property, we fail to see how this common knowledge and agent reluctance establishes Ebby Halliday's knowledge of a defective condition of the foundation prior to the Pfeiffers' purchase. We reason that Ebby Halliday cannot be charged with "common knowledge" leading to reluctance to list by other agents. We decline to impose a "common knowledge" requirement upon Ebby Halliday when the legislature has incorporated an actual knowledge requirement in section 17.46(b)(23). *See Robinson*, 633 S.W.2d at 502. As to the friendship between the Ebby Halliday representative and the immediate previous owner of the house and their visits in each others' homes, we fail to see how those circumstances establish Ebby Halliday's knowledge of a defective condition of the foundation prior to the Pfeiffers' purchase. We note that the Pfeiffers point to no evidence in their summary that the friendship and visits in homes made known any foundation defects to the Ebby Halliday representative which would be chargeable to Ebby Halli-

day. As to soil conditions in Carrollton, we fail to see how the fact that these soil conditions often cause foundation problems did indeed cause the alleged foundation problems in question. For all we know— given the operative word "often"—the house in question was one that escaped the adverse results of these soil conditions. We reason that "often" does not mean "in each and every instance." As to the inspection report prepared for the Pfeiffers by a company recommended by Ebby Halliday, indicating some "foundation settling," we point out that the report was made August 11, 1981, almost two months prior to the Pfeiffers' October 9, 1981, purchase. Thus, through an expert recommended by Ebby Halliday, the Pfeiffers learned of foundation problems before purchase. Hence, we fail to see how Ebby Halliday can be charged with a "failure to disclose information" which the Pfeiffers already knew. As to evidence that the inspection report would have caused someone with experience in housing in the Carrollton area to look more closely at the structure, we fail to see how the report charged Ebby Halliday with any greater responsibility to "look more closely at the structure" than the report charged the Pfeiffers with the responsibility to do likewise. We reason that Ebby Halliday had no more obligation to proceed to "learn information" about the foundation than did the Pfeiffers once the parties were possessed of a report indicating "some foundation settling" almost two months prior to the Pfeiffers' October 9, 1981, purchase.

Examining all of the evidence identified by the Pfeiffers as evidence of probative value to support the jury's findings in answer to special issue number two and viewing this evidence in a light most favorable to the Pfeiffers, with every reasonable intendment deductible from that evidence indulged in the Pfeiffers' favor, we conclude that there is no evidence of probative value to support the jury's finding in answer to special issue number two. Hence, we conclude that the trial court did not err in overruling the Pfeiffers' motion for judg-

ment on the verdict. We reach this conclusion because the evidence did not raise fact questions for the jury as to Ebby Halliday's knowledge of the foundation problems. Therefore, we conclude that the trial court did not err in rendering judgment notwithstanding the jury's finding to special issue number two. We overrule the Pfeiffers' first point of error.

In their second point of error, the Pfeiffers contend that the trial court erred in overruling their motion for judgment on the verdict because the evidence raised fact questions for the jury as to Ebby Halliday's unconscionable conduct. The Pfeiffers' second point pertains to the jury's answer to special issue number three. Under their second point, the Pfeiffers identify the evidence previously discussed under disposition of their first point of error. In addition, the Pfeiffers maintain that the following is evidence of probative value to support the jury's findings in answer to special issue number three: evidence that the Pfeiffers were from California and knew nothing about soil conditions and foundation problems in Carrollton, Texas; testimony from Don Davis, an office manager for Ebby Halliday, that it is common knowledge among real estate agents that soil conditions in Dallas County, Texas, can cause foundation problems and that as a matter of business practice Ebby Halliday does not notify prospective purchasers of the soil conditions in Dallas County, Texas; and testimony from Davis dismissing a question about notification in these words: "That is not our responsibility, sir." That is the sum total of the evidence asserted to be evidence of probative value to support the jury's findings in answer to special issue number three.

■■■■ Unconscionable action or course of action is defined by statute to describe an act which:

A. Takes advantage of the lack of knowledge, ability, or capacity of a person to a grossly unfair degree; or

B. Results in a gross disparity between the value received and the considera-

tion paid in a transaction involving the transfer of consideration.

*Chastain v. Koonce*, 700 S.W.2d 579, 582 (Tex.1985); TEX.BUS. & COM.CODE ANN. § 17.45(5) (Vernon 1987). It is obvious that the Pfeiffers seek to show unconscionability under paragraph A. Therefore, our inquiry turns to determine the existence of evidence upon which the jury could have made the findings relied upon by the Pfeiffers and to view any such evidence in a light most favorable to the Pfeiffers, with every reasonable intendment deductible from that evidence indulged in the Pfeiffers' favor. Such inquiry focuses on evidence that Ebby Halliday took advantage of the Pfeiffers' lack of knowledge, ability, or capacity to a *grossly* unfair degree. *See Chastain*, 700 S.W.2d at 582. The term "gross" should be given its ordinary meaning of glaringly noticeable, flagrant, complete and unmitigated. *Chastain*, 700 S.W.2d at 583. Taking advantage of a consumer's lack of knowledge to a grossly unfair degree thus requires a showing that the resulting unfairness was glaringly noticeable, flagrant, complete and unmitigated. *Chastain*, 700 S.W.2d at 584. We find the evidence relied upon by the Pfeiffers unpersuasive. Indeed, we reason that Ebby Halliday could not have taken advantage of the Pfeiffers' lack of knowledge, ability or capacity to a grossly unfair degree in the present situation in which the Pfeiffers had in hand an inspection report from their own employed expert, made August 11, 1981, almost two months prior to the Pfeiffers' October 9, 1981, purchase, indicating "there has been some foundation settling." In light of those facts, we fail to see any lack of knowledge, ability or capacity on the part of the Pfeiffers of which Ebby Halliday could take advantage.

Examining all of the evidence identified by the Pfeiffers as evidence of probative value to support the jury's finding in answer to special issue number three and viewing this evidence in a light most favorable to the Pfeiffers, with every reasonable intendment deductible from that evidence indulged in the Pfeiffers' favor, we con-

clude that there is no evidence of probative value to support the jury's finding in answer to special issue number three. Hence, we conclude that the trial court did not err in overruling the Pfeiffers' motion for judgment on the verdict. We reach this conclusion because the evidence did not raise fact questions for the jury as to Ebby Halliday's unconscionable conduct. Therefore, we conclude that the trial court did not err in rendering judgment notwithstanding the jury's finding to special issue number three. We overrule the Pfeiffers' second point of error.

In light of our disposition of the Pfeiffers' first two points of error, we have addressed the Pfeiffers' complaints in some of the Pfeiffers' other points of error. Furthermore, since we conclude that the trial court did not err in rendering judgment notwithstanding the jury's finding to special issue numbers two and three, we need not address the Pfeiffers' remaining points of error dealing with damages and costs, the court's failure to submit issues, and Ebby Halliday's requested findings. We overrule all of the Pfeiffers' points of error and affirm the trial court's judgment.

Affirmed.