Marshall WRIGHT, Appellant,

v.

John E. LEWIS, Appellee.

No. 13–88–584–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1989.
Rehearing Denied Oct. 5, 1989.

Brian S. Riepen, Dallas, for appellant.

Ferriel C. Hamby, Jr., Roger W. Hughes, William L. Pope, Adams & Graham, Harlingen, for appellee.

Before UTTER, SEERDEN, and DORSEY, JJ.

## OPINION

UTTER, Justice.

Marshall Wright, appellant, brought suit against John E. Lewis, appellee, for legal malpractice and deceptive trade practices which were allegedly committed while appellee was defending appellant in a criminal case in federal court. The essence of appellant's pleadings revolve around appellee's alleged failure to communicate a *misdemeanor* plea bargain offer to appellant. Appellee answered by general denial and thereafter filed a motion for summary judgment asserting that appellant's causes of action were barred by the statute of limitations and that there were no material issues of fact capable of either forming the basis of a cause of action or the necessary proximate cause. The trial court granted appellee's motion for summary judgment.

Appellant was a licensed podiatrist. In 1978, he was indicted in federal court on thirty-four counts of making false statements on Medicare claims which were submitted to a government agency. *See* 18 U.S.C. § 1001. Appellant was offered a plea bargain wherein he would plead guilty to one *felony* count of the indictment, but he rejected that offer. Appellant subsequently pled not guilty at trial, but was convicted on twenty-five counts, and assessed a punishment of three years' imprisonment and a $10,000.00 fine. The conviction was affirmed on appeal.

When reviewing the granting of a motion for summary judgment, we must consider the summary judgment evidence in the light most favorable to the nonmovant and indulge every reasonable inference in its favor. *Nixon v. Mr. Property Management, Inc.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *Wilcox v. St. Mary's University*, 531 S.W.2d 589, 592 (Tex.1975). The movant's burden is to show that no genuine issue of material fact exists, and that it is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986); *Major Investments, Inc. v. De Castillo*, 673 S.W.2d 276, 279 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

By his seventh point of error, appellant contends that his written response and opposing affidavits to appellee's motion for summary judgment were timely filed. Appellant further contends that the affidavits were neither defective in form, nor contained facts which would not be admissible in evidence.

On July 26, 1988, appellant filed a written response opposing appellee's motion for summary judgment, original affidavits of himself and Bernard J. Hersh, an original affidavit certifying public records and the respective public records, and a copy of Leo Villareal's affidavit. On July 29, 1988, the original of Leo Villarreal's affidavit was filed, but without leave of court. The hearing on appellee's motion for summary judgment was held on August 2, 1988.

■ Tex.R.Civ.P. 166a(c) provides that any written response or opposing affidavits to a motion for summary judgment shall be filed "not later than seven days prior to the day of hearing ... except on leave of court." Any written response or opposing affidavit filed on the seventh day before the day of the hearing will be deemed timely and may be properly considered without leave of court. *Benger Builders, Inc. v. Business Credit Leasing, Inc.*, 764 S.W.2d 336, 338 (Tex.App.—Houston [1st Dist.] 1988, no writ); *Volvo Petroleum,*

*Inc. v. Getty Oil Co.*, 717 S.W.2d 134, 137–38 (Tex.App.—Houston [14th Dist.] 1986, no writ); *see also* Hittner & Liberato, *Summary Judgments in Texas*, 20 St. Mary's L.J. 243, 247–48 (1989).

We conclude that appellant's written response and other documents which were filed on or before July 26, 1988 were timely. Regardless, the Amended Order Granting Final Summary Judgment expressly states that the trial court considered all papers and documents timely filed by the parties, and the record is devoid of any indication that the trial court failed to consider these materials because they were untimely. We overrule appellant's seventh point of error insofar as it relates to the timely filing of appellant's materials filed in opposition to appellee's motion for summary judgment.

██ Appellant further argues by his seventh point of error that the various affidavits and records he filed were not defective. Appellant also contends that appellee's written objections to these materials were not timely filed and that, even if they were, he was not given an opportunity to correct those defects. Tex.R.Civ.P. 166a(e).

Although appellee filed his objections to appellant's response and supporting documents on the day before the summary judgment hearing, we hold that the trial court did not err in considering appellee's reply. First, appellant did not file a written motion to strike appellee's reply or otherwise file any written objection to appellee's reply in the trial court. Second, appellant did not request an opportunity to amend any defects in the trial court, and even had he done so, the trial court would only be obligated to give him an opportunity to amend "defects in the form of affidavits or attachments."

Tex.R.Civ.P. 166a does not specify when such a written reply setting forth a movant's objections to the non-movant's responsive materials must be filed. However, since the primary purpose of filing objections is to call the court's attention to improper evidence and procedure, we find no harm in permitting such objections to be filed on or before the day of the hearing on the motion for summary judgment. For clarity, we will review the various alleged defects when we address appellant's remaining points of error. Appellant's seventh point of error is overruled.

By his second point of error, appellant contends the trial court erred in granting summary judgment against him because a material fact issue exists regarding whether a misdemeanor plea bargain offer was ever communicated to appellee by Assistant U.S. Attorney John Smith during the former federal criminal action.

Appellee argued in his motion for summary judgment that no material fact issue exists which would form the basis of a cause of action because there is no evidence that a misdemeanor plea bargain was ever offered.

██ In this case, appellant sought to use the failure to disclose the existence of a misdemeanor plea bargain offer as the sole basis of liability under both his legal malpractice and deceptive trade practice claims. In regards to his legal malpractice claim, appellant must show that the inaction of the attorney in failing to disclose material information was the proximate cause of some injury to him. *See Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex.1988); *McClung v. Johnson*, 620 S.W.2d 644, 647 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.); *Citizens State Bank of Dickinson v. Shapiro*, 575 S.W.2d 375, 386 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.). Likewise, the DTPA includes situations wherein an attorney has failed to disclose material information concerning services which were known at the time of the transaction and which were a producing cause of actual damages to him. *See First City Mortgage Co. v. Gillis*, 694 S.W.2d 144, 146 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.); *Gibbs v. Main Bank of Houston*, 666 S.W.2d 554, 560 (Tex.App.—Houston [1st Dist.] 1984, no writ); *cf. Lucas v. Nesbitt*, 653 S.W.2d 883, 886 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.) (DTPA applies to services provided by an attorney). However, there can be no liability under either theory for failing to reveal information of which the attorney had no knowl-

edge. *See Robinson v. Preston Chrysler–Plymouth, Inc.,* 633 S.W.2d 500, 502 (Tex. 1982); *Holland Mortgage & Investment Corp. v. Bone,* 751 S.W.2d 515, 521 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Pfeiffer v. Ebby Halliday Real Estate, Inc.,* 747 S.W.2d 887, 889–90 (Tex. App.—Dallas 1988, no writ).

Appellant asserts that a letter dated February 3, 1984 and sent by John Smith, the Assistant U.S. Attorney, to J.C. Litrell, D.P.M., evidences the existence of the misdemeanor plea bargain offer.

The letter in question was apparently sent by Smith to J.C. Litrell at the Texas State Board of Podiatry Examiners. The letter does not identify Litrell or state his position or official capacity with the Texas State Board of Podiatry Examiners. In the letter, Smith asked the Board to give appellant favorable consideration when determining whether to reinstate appellant into the profession. The letter states in relevant part:

> Several times prior to trial I discussed with the defense attorney the *possibility of a misdemeanor plea.* However, this offer was not accepted because they were afraid that a misdemeanor would be cause for Dr. Wright [appellant] to lose his license, therefore he was forced to go to trial. (emphasis added)

Appellant argues that this letter is admissible because the letter is contained in the public records of the Texas State Board of Podiatry Examiners, and because it is a statement or report of a public office; i.e., the letter allegedly sets forth Smith's activities during his former prosecution of appellant. Tex.R.Civ.Evid. 803(8). Appellant further argues that the letter is authenticated by appellant's affidavit filed in opposition to appellee's motion for summary judgment wherein appellant testified that he witnessed Smith sign the letter.

Appellant stated in his affidavit that appellee never told him that a misdemeanor plea bargain had been offered whereby all felony counts would be dropped if he were to plead guilty to a reduced misdemeanor charge. Appellant further testified that he first learned that a misdemeanor plea bar-

gain had been offered in September or October of 1983 during a conversation with Smith at the federal courthouse in Brownsville, Texas. Smith allegedly stated that "he could not understand why [appellant] never took the misdemeanor plea which he had offered several times before trial...." Appellant also testified that he met with Smith on or about February 3, 1984 and that Smith wrote the above letter on his behalf at that time.

■ Appellee argues by his first two cross-points that the above matters regarding the existence of a misdemeanor plea bargain offer constitutes inadmissible hearsay and that it should not have been considered by the trial court. We agree.

Hearsay statements, when properly objected to, are incompetent to establish any fact and can never form the basis for reversing a summary judgment. *See Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 233–34 (Tex.1962); *Cook v. Frazier,* 765 S.W.2d 546, 552 (Tex.App.—Fort Worth 1989, no writ); *Lopez v. Hink,* 757 S.W.2d 449, 451 (Tex.App.—Houston [14th Dist.] 1988, no writ). Hearsay is defined by Tex.R.Civ.Evid. 801(d) as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted. Statements are not hearsay if they are offered for a purpose other than to prove the truth of the matter asserted." *Turner, Collie & Braden v. Brookhollow, Inc.,* 642 S.W.2d 160, 167 (Tex.1982); *Butler v. Hide–A–Way Lake Club, Inc.,* 730 S.W.2d 405, 411 (Tex.App.—Eastland 1987, writ ref'd n.r.e.). In this case, however, there can be no question that the evidence appellant submitted to show the existence of a misdemeanor plea bargain offer was based entirely on hearsay.

Appellant contends that the trial court still should have considered the "letter" because it was contained in the public records of the Texas State Board of Podiatry Examiners and because the letter was properly authenticated pursuant to Tex.R. Civ.Evid. 901(a), 901(b), 902(1) and 902(4). Appellant further contends the letter was

admissible because it was a statement or report of the United States Department of Justice which set forth certain activities of that office.

■ Even though official public records or certified copies thereof may be admissible in evidence, that does not mean that ex parte statements, hearsay, conclusions and opinions contained therein are admissible. *Texas Department of Public Safety v. Nesmith*, 559 S.W.2d 443, 447 (Tex.Civ. App.—Corpus Christi 1977, no writ); *Smith v. Selz*, 395 S.W.2d 692, 696 (Tex. Civ.App.—Fort Worth 1965, writ ref'd n.r. e.); *Page v. Scaramozi*, 288 S.W.2d 909, 911–12 (Tex.Civ.App.—San Antonio 1956, writ ref'd n.r.e.). Moreover, Tex.R.Civ. Evid. 803(8) only states that the following matters are not excluded by the hearsay rule:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, or (C) factual findings resulting from an investigation made pursuant to authority granted by law; unless the sources of information or other circumstances indicate lack of trustworthiness.

The letter in this case is not a record, report, statement or data compilation of either the Podiatry Board or the United States Department of Justice. Rather, in regards to the Podiatry Board, it was simply a third party communication concerning appellant which happened to appear in the Podiatry Board's files. Such circumstances do not warrant the application of Tex.R. Civ.Evid. 803(8). *See Railroad Commission of Texas v. Rio Grande Valley Gas Co.*, 683 S.W.2d 783, 788 (Tex.App.—Austin 1984, no writ); *Logan v. Grady*, 482 S.W.2d 313, 317 (Tex.Civ.App.—Fort Worth 1972, no writ); *Pan American Insurance Co. v. Couch*, 305 S.W.2d 819, 821–23 (Tex. Civ.App.—Texarkana 1957, writ ref'd n.r. e.); *Roberts v. Dallas Railway & Terminal Co.*, 276 S.W.2d 575, 577–78 (Tex.Civ. App.—El Paso 1953, writ ref'd n.r.e.).

Likewise, the letter was not a public record of the United States Department of Justice because, by its very own terms, the letter was not generated as a document pursuant to Smith's duties as an assistant U.S. attorney. *See Porter v. Texas Department of Public Safety*, 712 S.W.2d 263, 265 (Tex.App.—San Antonio 1986, no writ); *Fields v. State*, 690 S.W.2d 37, 39 (Tex.App.—Dallas 1985, no writ). A letter submitted to the Podiatry Board "for whatever consideration you wish to give it" cannot be characterized as an official record merely because an assistant U.S. attorney wrote it. We further note that the letter only mentions the possibility of a misdemeanor plea bargain offer, but does not state that it was ever offered or even specify what the misdemeanor would have been, the length of sentence, and/or fine, or recommendations of the U.S. Attorney, if any.

■ Tex.R.Civ.Evid. 901 and 902 also do not make the letter admissible, absent some exception to the hearsay rule. These sections only concern authentication and identification of evidence, but in no way contemplates the admissibility of the "contents" of the matters contained in that evidence. Finally, Tex.R.Civ.P. 166a(e) only mandates that a party be given an opportunity to correct "defects in form." Therefore, since a hearsay objection concerns a "defect in content," the trial court was not required to give the party an opportunity to correct the problem.

We have carefully reviewed the record and hold that there was no probative evidence submitted which would show that a misdemeanor plea bargain offer was ever communicated to appellee. Therefore, appellee was entitled to summary judgment as a matter of law. We overrule appellant's second point of error and sustain appellee's first two cross-points.

Since we have held there was no evidence of a plea bargain offer, the remaining points of error and cross-points are not dispositive of this appeal and will not be addressed. Tex.R.App.P. 90(a).

We AFFIRM the judgment of the trial court.