NUMBER 13-00-461-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

________________________________________________________


MIKE CANTU AND RACHEL CANTU , Appellants,


v.


LEAH M. SHUTTLESWORTH , Appellee.

________________________________________________________


On appeal from the 105TH District Court

of Nueces County, Texas.

________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Rodriguez

Opinion by Chief Justice Valdez



Appellants, Mike and Rachel Cantu, appeal from the trial court's grant of a summary judgment in favor of Leah
Shuttlesworth, Appellee. We affirm, in part, and reverse and remand in part.

On February 22, 2000, Appellants, Mike and Rachel Cantu (the Cantus), filed suit against Appellee, Leah Shuttlesworth
(Shuttlesworth), in the 105th District Court of Nueces County, Texas. The Cantus allege that Shuttlesworth, a notary
public in Texas, affixed her notary signature and seal on several documents relating to a real estate transaction in March
1996, and that said documents were signed while the signatories were not in Shuttlesworth's presence. The petition further
alleges that Shuttlesworth later made false representations concerning the signatures on these real estate documents. The
petition specifically alleges that Shuttlesworth's actions constitute: (1) multiple breaches of fiduciary duty as a notary
public; (2) common law fraud and misrepresentation; and, (3) conspiracy with third parties to deprive the Cantus of title
and interest in real estate.

Shuttlesworth filed a motion for summary judgment in the trial court, arguing that the Cantus' claims were barred by a
two-year statute of limitations. The Cantus filed a timely response to the motion for summary judgment, attaching
numerous exhibits as summary judgment evidence. On the day of the hearing on the motion for summary judgment,
Shuttlesworth filed objections to the Cantus' summary judgment evidence, along with a reply to the Cantus' response. The
Cantus objected to the trial court considering Shuttlesworth's objections and reply, arguing that it was not timely filed. The
trial court heard arguments on the motion for summary judgment, and then entered an order sustaining Shuttlesworth's
objections to the summary judgment evidence, striking the Cantus' summary judgment evidence, and granting the motion
for summary judgment. This appeal ensues.

In their first issue, the Cantus complain that the trial court erred by allowing Shuttlesworth to file objections to the
summary judgment evidence and a reply to the Cantus' response on the day of the hearing. The Cantus cite Rule 70 of the
Texas Rules of Civil Procedure as authority for their position; however, Rule 70 is a rule which allows a trial court
discretion to grant a continuance when a late filed pleading causes the opposing party to be taken by surprise. "When either
a supplemental or amended pleading is of such character and is presented at such time as to take the opposite party by
surprise, the court may charge the continuance of the cause, if granted, to the party causing the surprise. . . ." Tex. R. Civ.
P. 70. The Cantus never requested a continuance; therefore, the trial court did not abuse its discretion in failing to comply
with Rule 70. 

Moreover, this Court has previously held that Rule 166a of the Texas Rules of Civil Procedure does not specify when a
written reply setting forth a movant's objections to the non-movant's responsive materials must be filed. See Wright v.
Lewis, 777 S.W.2d 520, 522 (Tex. App.--Corpus Christi 1989, writ denied). In Wright, this Court was presented with a
similar issue, and we held that because the primary purpose of filing objections is to call the court's attention to improper
evidence and procedure, there is no harm in permitting such objections to be filed on the day of the hearing of the motion
for summary judgment. Id. Therefore, the Cantus' first issue is overruled.

In issue two, the Cantus complain that the trial court erred in striking the summary judgment evidence attached to their
response, without giving them the opportunity to respond or to amend said evidence. Although the Cantus responded and
objected to the trial court's consideration of Shuttlesworth's objections, the Cantus did not request an opportunity to amend
the defects in their summary judgment evidence. Without a request from the Cantus asking for the opportunity to amend
the defects in their summary judgment proof, the trial court was not obligated to allow the Cantus the opportunity to correct
any defects of form in their evidence. See Wright v. Lewis, 777 S.W.2d at 522. Accordingly, issue two is overruled.

In their third issue, the Cantus complain that the trial court erred in granting summary judgment because their cause of
action for fraud and misrepresentation is governed by a four-year statute of limitations, and therefore, they are not barred
from pursuing this claim against Shuttlesworth.

In a traditional summary judgment proceeding, the appellate standard of review is whether the successful movant at the trial
level carried the burden of showing that there is no genuine issue of material fact and that judgment should be granted as a
matter of law. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985).

Shulttlesworth's motion for summary judgment alleges that the Cantus have no viable cause of action because their claims
are barred by the statute of limitations. Shuttlesworth relies on no summary judgment evidence, but rather relies only on
the Cantus' pleadings to support the motion. A motion for summary judgment based only on the non-movant's pleadings is
proper when said pleadings show that the statute of limitations has run. See Trinity River Authoirty v. URS Consultants,
Inc., 889 S.W.2d 259, 261 (Tex. 1994).

When evaluating a motion for summary judgment based only on the non-movant's pleadings, the trial court must assume
that all allegations and facts in the non-movant's pleadings are true. American Tobacco Co. v. Grinnell, 951 S.W.2d 420,
434 (Tex. 1997) (holding that "it is not incumbent upon a plaintiff non-movant to produce evidence supporting the
allegations in her pleadings. . . ."). Additionally, the trial court must indulge all inferences in the non-movant's pleadings in
the light most favorable to the non-movant. Medina v. Herrera, 927 S.W.2d 597, 602 (Tex. 1996).

All fraud actions are governed by a four-year limitations period, regardless of remedy sought. Tex. Civ. Prac. & Rem.
Code Ann. §16.004 (Vernon Supp. 2001); see Matter of Estate of Matejek, 928 S.W.2d 742, 744 (Tex. App.--Corpus
Christi 1996, writ denied). However, we note that a suit against a notary public for damages arising from the breach of an
official duty is governed by a two-year limitations period. Lawyers Surety Corp. v. Gulf Coast Investment Corp., 410
S.W.2d 654, 657-58 (Tex. Civ. App.--Tyler 1967, writ ref'd n.r.e. 416 S.W.2d 779). Additionally, this Court has
previously held that a cause of action for civil conspiracy is governed by a two-year statute of limitations. In re Estate of
Herring, 970 S.W.2d 583, 586 (Tex. App.-Corpus Christi 1998, no pet.).

The live pleadings filed by the Cantus reflect that the action complained of occurred either on March 8, 1996, or March 18,
1996. For purposes of reviewing the trial court's ruling on the motion for summary judgment, we assume these allegations
to be true. The Cantus initially filed this suit on February 22, 2000, more than two years, but less than four years after the
action complained of. Accordingly, the Cantus' causes of action for breach of official duty by a notary public and civil
conspiracy are barred by the statute of limitations. 

With regard to the fraud cause of action, Shuttlesworth argues that, because this is a suit against a notary public relating to
the exercise of her official duties, all causes of action against her are governed by a two-year statute of limitations.
Shuttlesworth cites Gulf Coast Inv. Corp. v. Lawyers Surety Corp., 416 S.W.2d 779 (Tex. 1967), as authority for her
argument. We disagree with Shuttlesworth's interpretation of Lawyers Surety, and decline to extend the two-year statute of
limitations to the fraud cause of action in this case. In Lawyers Surety, a case where the notary's surety was a party
defendant in the trial, the court of appeals held that a cause of action for a breach of a notary's official duty is governed by a
two-year statute of limitations. Lawyers Surety, 410 S.W.2d at 657-58. The Texas Supreme Court, in refusing application
for writ of error, approved of this holding. Lawyers Surety, 416 S.W.2d at 779. However, in the present case, the Cantus
have alleged that Shuttlesworth committed fraud, not by notarizing the real estate documents, but rather by making
representations concerning the notarization of these documents. It is not entirely clear, from the Cantus' pleadings, when
these representations were made. Because we indulge all inferences in the non-movant's pleadings in the light most
favorable to the non-movant, we assume that these representations were made after the notarization of these real estate
documents. Accordingly, we find that the Cantus' fraud cause of action against Shuttleworth is based on acts that are
alleged to have occurred after her official duties as a notary in the taking of the acknowledgments of the Cantus and
certifying thereto had ceased. See Sitton v. American Insurance Co., 390 S.W.2d 34, 35 (Tex. Civ. App.-Texarkana 1965,
writ ref'd n.r.e.) (holding that alteration of deed by notary after same had been lawfully acknowledged occurred after the
official duties of notary had ceased). Because the fraud allegations in the present case involve acts which are outside of the
exercise of Shuttlesworth's official duties as a notary, we distinguish the present case from the Lawyers Surety case, and we
hold that the Cantus' fraud cause of action is governed by a four-year statute of limitations. Issue three is sustained.

In issues four and five, the Cantus complain that the trial court erred in failing to take judicial notice of both a hearing
transcript and official court documents related to another cause, previously heard by the trial court. A court shall take
judicial notice of a fact if requested to do so by a party and supplied with the necessary information. Tex. R. Evid. 201(d). 
The record does not reflect that the Cantus ever requested that the trial court take judicial notice of the items at issue, and
thus, they did not comply with the requirements of Rule 201(d) of the Texas Rules of Evidence. Accordingly, this issue has
not been preserved for review on appeal. Tex. R. App. P. 33.1. Issues four and five are overruled.

In issue six, the Cantus complain that the trial court erred by allowing counsel for Shuttlesworth to make global
objections/exceptions to the Cantus' summary judgment evidence. In order to constitute a valid objection, it must first
identify the exact part of the evidence that is objectionable, see Speier v. Webster College, 616 S.W.2d 617, 619 (Tex.
1981), and second, it must identify the legal principle that the court will violate if the evidence is admitted. See Tex. R.
Evid. 103; United Cab v. Mason, 775 S.W.2d 783, 785 (Tex. App.--Houston [1st Dist.]1989, writ denied). On the record
before us, the objections stated by counsel were sufficiently specific to meet these criteria. Issue six is overruled.

In issue number seven, the Cantus complain that the trial court erred by refusing to file findings of fact and conclusions of
law. Findings of fact and conclusions of law are not appropriate after the court renders a summary judgment. IKB
Industries, Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 441-42 (Tex. 1997); Linwood v. NCNB, 885 S.W.2d 102, 103 (Tex.
1994). Accordingly, the trial court did not err in refusing to make findings of fact and conclusions of law after entry of the
summary judgment. Issue number seven is overruled.

Because we have sustained issue three, we now REVERSE the trial court's summary judgment as to the Cantus' fraud cause
of action and REMAND this portion of the case to the trial court for further proceedings, on the fraud cause of action only. 
We AFFIRM the trial court's summary judgment as to the remaining causes of action.



____________________

ROGELIO VALDEZ

Chief Justice



DO NOT PUBLISH .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 2nd day of August, 2001.