**Reverse and Render and Opinion Filed August 13, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-01235-CV

### JULIO FERREIRA, INDIVIDUALLY AND D/B/A THE PAW DEPOT, INC. AND FORTIVUS COMMERCIAL CONTRACTORS, Appellants
### V.
### TERRY RUSSELL, Appellee

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-02106**

## MEMORANDUM OPINION
Before Justices Bridges, Evans, and Whitehill
Opinion by Justice Whitehill

This DTPA case arises from the parties' dispute about an oral agreement to build-out a pet supplies store following the sale of a franchise.[1]  Following a bench trial, the trial court entered judgment for the franchisee, Terry Russell, based on his claims that the franchisor, Julio Ferreira, did not disclose that there would be construction delays and that surplus and repurposed equipment would be used in the store.

In ten issues that we distill into four categories, Ferreira argues that the trial court's judgment is in error because: (i) there is legally, or factually, insufficient evidence of the elements required for a DTPA § 17.46(b)(24) failure-to-disclose claim; (ii) the delayed completion of

---

[1] Deceptive Trade Practices Act.  *See* TEX. BUS. & COM. CODE § 17.50.

construction claim is a contract rather than a DTPA claim; (iii) the trial court's $20,000 damage award is an improper calculation of benefit of the bargain damages and restitution; and (iv) Russell is not entitled to attorney's fees.

Among other things, we conclude that the evidence is legally insufficient to support the judgment because there is insufficient evidence that (i) when the parties entered into their agreement Ferreira knew and failed to disclose that construction would be delayed and (ii) there is insufficient evidence that Ferreira intended to mislead Russell regarding the use of repurposed materials in the store. Therefore, Russell cannot recover under the DTPA. Because there is no basis for recovery, Russell is not entitled to recover his attorney's fees and we need not reach Ferreira's other issues. We thus reverse the trial court's judgment and render judgment that Russell take nothing.

## I. BACKGROUND

In August 2011, Ferreira agreed to sell Russell a "Paw Depot" franchise so he could open a store selling holistic pet supplies.[2] The only written agreement between the parties, however, is a "noncompete agreement" that references a fee for "$35,000 per one franchise zone."

The parties also had an oral agreement for Ferreira's construction company to build-out the store. Russell believed that for the $35,000 referenced in the noncompete, he was getting a Paw Depot franchise and a completely built-out store, including shelves stocked with product. On the other hand, Ferreira believed that the $35,000 was only for the franchise and Russell would also pay the construction costs.

The parties found an agreeable location for the store, and Ferreira negotiated with the landlord the terms of a commercial lease that Russell signed. The parties planned to complete the build-out in sixty to ninety days, which was within the lease's rent free period. But there were

---

[2] Because the facts are well known to the parties, we discuss them here only to the extent necessary to decide the case.

unexpected construction delays due to issues with existing electrical wiring, uncooperative neighboring tenants, the landlord's failure to provide blueprints, the need for additional plumbing excavation, and waiting for city approvals. However, the rent free period in the lease was extended, and Russell admitted he was not damaged by paying rent on a facility he could not use.

In August 2012, Ferreira requested an additional $10,000 to finish the build-out. Russell refused, hired a new general contractor, and opened the store under another name in January 2013.

Russell then sued Ferreira, Fortivas Commercial Contractors (Ferreira's construction company) and Carolina Serrano De Paula (Ferreira's wife) alleging several "laundry list" DTPA violations. Following a bench trial, the judge ruled for De Paula and Fortivas. But the trial court entered judgment against Ferreira for $20,000 in damages and $11,250 in attorney's fees based on failure to disclose under DTPA § 17.46(b)(24). Ferreira appeals from that judgment.

## II. ANALYSIS

### A. Standard of Review and Applicable Law

We may sustain a legal sufficiency challenge only when (i) the record discloses a complete absence of evidence of a vital fact, (ii) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (iii) the evidence offered to prove a vital fact is no more than a mere scintilla, or (iv) the evidence establishes conclusively the opposite of a vital fact. *Ford Motor Co. v. Castillo*, 444 S.W.3d 616, 620 (Tex. 2014) (op. on reh'g). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

Anything more than a scintilla of evidence is legally sufficient to support the finding. *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996). More than a scintilla of

evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact. *Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co.*, 77 S.W.3d 253, 262 (Tex. 2002).

If the evidence is legally insufficient to support the judgment, we need not consider the factual sufficiency points. *See Glover v. Tex. Gen, Indem. Co.*, 619 S.W.2d 400, 401 (Tex. 1981) (court should rule on no evidence point first); TEX. R. APP. P. 47.1.

Under the DTPA, a consumer may maintain an action when the defendant uses or employs a false, misleading, or deceptive act or practice that is specifically enumerated in § 17.46 and relied on by the consumer to his detriment. *See* TEX. BUS. & COM. CODE § 17.50(a)(1). Section 17.46 provides a "laundry list" of specifically prohibited acts. *See* TEX. BUS. & COM. CODE §17.46(b); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 501 (Tex. 2001). The prohibited acts include "failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into the transaction into which the consumer would not have entered had the information been disclosed." TEX. BUS. & COM. CODE §17.46(b)(24).

Thus, to prevail on a § 17.46(b)(24) failure-to-disclose claim, the plaintiff must prove: (i) a failure to disclose material information concerning goods or services that was (ii) known at the time of the transaction, (iii) intended to induce the consumer into a transaction, and (iv) that the consumer would not have entered had the information been disclosed. *See id.*; *Ryan Constr. Servs. L.L.C. v. Robert Half Int'l, Inc.*, 541 S.W.3d 294, 304–05 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

**B.       Construction Delay Issues**

**1.       Ferreira's First Issue:   Was there legally sufficient evidence that Ferreira knew at the time of the agreement that the construction delays would occur?**

Ferreira's first issue argues that the evidence is legally insufficient to establish that he knew at the time of the agreement that the construction delays would occur.  We agree.[3]

Our record review does not yield any direct or circumstantial evidence that Ferreira had such knowledge when he and Russel entered into their agreement.   Moreover, that these circumstances later arose is no evidence that Ferreira had fore knowledge that they would do so. *See Pfeiffer v. Ebby Halliday Real Estate, Inc.*, 747 S.W.2d 887, 889–91 (Tex. App.—Dallas 1988, no writ) (no evidence listing agent had knowledge of foundation problems).

Similarly, Ferreira's acknowledgment to Russell that their sixty-day estimate was optimistic does not reasonably infer knowledge that these particular problems could arise.  At most this would be evidence (i) of undifferentiated, common knowledge that delays can occur in construction projects and (ii) that this schedule was optimistic.  Furthermore, to the extent that Ferreira's acknowledgment reflects his awareness that the schedule was optimistic it suggests that Ferreira disclosed his knowledge to Russell.  Thus, there is legally insufficient evidence that Ferreira knew of potential construction delays beyond what he admittedly told Russell.

**2.       Ferreira's Second Fourth, and Fifth Issues:   Was there legally sufficient evidence of (i) intent to mislead, (ii) reliance, or (iii) damages.**

Ferreira's second, fourth, and fifth issues assert that there is no evidence, or factually insufficient evidence, that (i) Ferreira intended to induce by not disclosing the forthcoming construction delays; (ii) Russell would not have entered into this arrangement had he known those delays would happen; and (iii) Ferreira's nondisclosure of those delays damaged Russell.  Having concluded that there is legally insufficient evidence showing that Ferreira at the time the parties

---

[3] Russell combined both legal and factual sufficiency arguments under his first two issues.  Because we reverse on legal sufficiency arguments, we do not reach the factual sufficiency arguments.  *See Glover*, 619 S.W.2d at 401.

entered into their transaction knew of the future construction delays about which Russell complains, we need not and do not address Ferreira's remaining issues regarding construction delays. *See* TEX. R. APP. P. 47.1.

## C. Surplus and Repurposed Equipment Issues

### 1. Ferreira's Third Issue: Was there legally sufficient evidence that Ferreira failed to disclose that surplus or repurposed materials would be used for construction with the intent to mislead Russell?

Ferreira's third issue argues that the evidence is legally insufficient to establish that he failed to disclose that surplus and repurposed materials would be used for construction with the intent to mislead Russell.[4] We agree.

Mere nondisclosure of material information is not enough to establish an actionable DTPA claim. *Patterson v. McMickle*, 191 S.W.3d 819, 827 (Tex. App.—Fort Worth 2006, no pet.). The information that was known at the time must be withheld for the purpose of inducing the consumer to enter into the transaction. *See Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 480 (Tex. 1995). Moreover, according to one of our sister courts, there must be direct evidence of intent to induce; intent may not be presumed. *Arlington Home, Inc. v. Peak Environmental Consultants, Inc.*, 361 S.W.3d 773, 782 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

As to direct evidence, there is no evidence that Ferreira failed to tell Russell that surplus and repurposed materials would be used on this project with the intent to induce Russell into the transaction.

Furthermore, assuming that the required intent can be proved by circumstantial evidence, there is legally insufficient circumstantial evidence to that effect as well.[5] Specifically, as to what

---

[4] Ferreira also points to his testimony that he told Russell that surplus and repurposed materials would be used on the project. But Russell testified that he assumed that only new materials would be used and that he never asked Ferreira whether that would be the case. Construing the evidence most favorably to Russell as we must do in this context, *see City of Keller*, 168 S.W.3d at 807, 827, we assume that there is some evidence that Ferreira failed to disclose to Russell that surplus and repurposed materials would be used on this project as Russell logically would not have had that assumption had Ferreira told him that surplus or repurposed materials would be used for this project.

[5] Any ultimate fact can be proved by circumstantial evidence. *See Russell v. Russell*, 865 S.W.2d 929, 933 (Tex. 1993).

was said about the type of equipment to be used, Russell admitted that he did not ask Ferreira to use only new materials and that Ferreira did not specifically say the materials would all be new. When Russell was asked whether Ferreira told him he had a warehouse full of new equipment, he replied, "He said he had a warehouse with equipment." As to the specific representation Ferreira made, Russell said he was told that the materials would be suitable for a commercial building and would meet code. Russell further admitted that he simply assumed the material would all be new or first class and that it would not have been used. Reviewing Russell's testimony most favorable to him, we find nothing in it suggesting that Ferreira had the required intent.

Likewise, nothing in Ferreira's testimony shows that he had the required intent. Specifically, Ferreira testified (without contradiction) that his company was doing the build-out for Russell because Russell could not afford any of the other companies they looked at, and that Ferreira was doing the work "for no profit." According to Ferreira, both he and Russell knew that some of the materials used to build the store would be new, some would be surplus (unused materials left over from other projects), and some would be repurposed (used) so that they could keep the cost within Russell's budget. We don't include Ferreira's testimony to negate any plausible inference that he lacked the required intent. Rather we refer to it to show that what he testified to does not raise a reasonable inference that he had that intent.

Because there is nothing in the parties' testimony or the surrounding circumstances that would raise a reasonable inference supporting Russell on the intent element regarding the nature of the equipment to be used, we sustain on legal sufficiency grounds Ferreira's third issue as it concerns Russell's claim regarding the equipment that was furnished for this store.

**2. Ferreira's Fourth and Sixth Issues: Was there legally sufficient evidence of reliance and damages?**

Having disposed of the surplus and repurposed equipment claims based on the legal sufficiency grounds in Ferreira's third issue, we need not and do not address his fourth and sixth issues concerning surplus or repurposed equipment. *See* TEX. R. APP. P. 47.1.

**D. Ferreira's Seventh, Eighth, and Ninth Issues: Did the trial court award improper damages?**

Ferreira's remaining issues argue that: (i) Russell cannot recover for the delayed completion of construction because this is a contract rather than a DTPA issue (Issue Seven); (ii) the trial court erred by awarding $20,000 because it is an improper calculation of benefit of the bargain damages (Issue Eight); and (iii) alternatively, the $20,000 damage award is an improper "application of restitution." (Issue Nine). Our resolution of Ferreira's first three issues obviates the need to consider these remaining issues. *See* TEX. R. APP. P. 47.1.

**E. Ferreira's Tenth Issue: Is Russell entitled to attorney's fees?**

A prevailing consumer under the DTPA is entitled to recover court costs and reasonable attorney's fees. TEX. BUS. & COM. CODE §17.50(d). Before a party can prevail under the DTPA, he must incur actual damages. *Hamra v. Gulden*, 898 S.W.2d 16, 19 (Tex. App.—Dallas 1995, writ dism'd w.o.j.). Thus, a party who does not recover actual damages or for mental anguish is not entitled to attorney's fees under the DTPA. *See Gulf States Utils. Co. v. Low*, 79 S.W.3d 561, 567 (Tex. 2002).

Here, we have concluded that Russell is not entitled to recovery because there is insufficient evidence to support a DTPA violation. Consequently, he is not entitled to recover attorney's fees. Ferreira's tenth issue is sustained.

### III. Conclusion

Having sustained Ferreira's legal sufficiency and attorney's fees challenges, we reverse the trial court's judgment and render judgment that Russell take nothing on his DTPA claim.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

161235F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JULIO FERREIRA, INDIVIDUALLY
AND D/B/A THE PAW DEPOT, INC.
AND FORTIVUS COMMERCIAL
CONTRACTORS, Appellants

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-02106.
Opinion delivered by Justice Whitehill.
Justices Bridges and Evans participating.

No. 05-16-01235-CV          V.

TERRY RUSSELL, Appellee

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that Terry Russell take nothing on his claims.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered August 13, 2018.