James L. GLOVER, Petitioner,

v.

TEXAS GENERAL INDEMNITY COMPANY, Respondent.

No. C–228.

Supreme Court of Texas.

June 30, 1981.

George Chandler, Lufkin, for petitioner.

Zeleskey, Cornelius, Rogers, Hallmark & Hicks, James J. Zeleskey, Lufkin, for respondent.

## PER CURIAM.

This is a workers' compensation case in which James L. Glover, plaintiff, sued Texas General Indemnity Company, defendant, to recover compensation for an occupational injury. The trial court rendered judgment for the plaintiff. The court of civil appeals modified the trial court's judgment and affirmed. 612 S.W.2d 622. Our order granting the application for writ of error is set aside and the application is refused, no reversible error.

Glover was injured while at work when a heavy cylinder fell on his left ring finger. The jury found 1) the injury resulted in total and permanent loss of use of the ring finger, 2) the injury extended to and affected the little finger, middle finger, and the left hand, and 3) the injury resulted in total and permanent loss of use of the little and middle fingers and the left hand. The trial court rendered judgment awarding Glover compensation for total and permanent loss of use of the left hand.

The court of civil appeals held the evidence is legally and factually insufficient to support the jury finding on total and permanent loss of use of the left hand. We do not approve the court's holding there is no evidence to support this finding. In deciding a "no evidence" point, which is a question of law, we consider only that evidence and reasonable inferences therefrom which viewed in its most favorable light supports the jury finding and we must reject all evidence or reasonable inferences to the contrary. *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901, 904 (Tex.1980); *East Texas Theatres, Inc. v. Rutledge*, 453 S.W.2d 466, 467 (Tex.1970); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). The evidence consists of expert testimony by Glover's treating physician, orthopedic surgeon, and physical therapist. The injury to the ring finger involved two tendons that serve all four fingers. The injury affected the musclature and nerves of the fingers and hand. Glover has no control over his left hand. Because of the injury, Glover is unable to perform many of the usual tasks associated with his work as a truck driver. He is unable to grip, lift, pull, climb, or grasp objects. He has difficulty gripping the steering wheel and tying loads. He cannot put his hand in his pocket and cannot cast a rod and reel. When viewed in the most favorable light, this is some evidence to support the jury's finding of total and permanent loss of use of the hand.

When both "no evidence" and "insufficient evidence" points of error are raised in the court of civil appeals, the court should rule upon the "no evidence" point first. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex.L. Rev. 361, 369 (1960). The ruling of the court of civil appeals on the "no evidence" point is subject to review by the supreme court on application for writ of error. If the supreme court overrules the "no evidence" point, the judgment is reversed and the cause remanded to the court of civil appeals to consider and decide the "insufficient evidence" point. *Stodghill v. Texas Employers Ins. Ass'n*, 582 S.W.2d 102, 105 (Tex.1979); *see McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901, 905 (Tex.1980); *Custom Leasing, Inc. v. Texas Bank & Trust Co.*, 491 S.W.2d 869, 872 (Tex.1973). If the court of civil appeals sustains the

**402**

point finding the evidence factually insufficient, it must reverse the judgment of the trial court and remand for new trial. *E. g., Thoreson v. Thompson*, 431 S.W.2d 341, 346 (Tex.1968); *C. H. Leavell & Co. v. Vilbig Bros., Inc.*, 160 Tex. 600, 335 S.W.2d 211, 213 (1960); *Woods v. Townsend*, 144 Tex. 594, 192 S.W.2d 884, 886–87 (1946). *See* Tex.R.Civ.Pro. 434.

In the present case, the court of civil appeals held there was "no evidence" and "insufficient evidence" of total and permanent loss of use of the hand. Although we find there is some evidence to support the jury's verdict, we have no jurisdiction to review the sufficiency of the evidence. *E. g., Maxey v. Texas Commerce Bank of Lubbock*, 580 S.W.2d 340 (Tex.1979); *Hall v. Villarreal Dev. Corp.*, 522 S.W.2d 195 (Tex. 1975); *Tippett v. Brannon*, 493 S.W.2d 511 (Tex.1971); Tex.Const. art. 5, § 6; Tex.Rev. Civ.Stat.Ann. art. 1820. Ordinarily, the court of civil appeals must remand the cause for new trial when the evidence is factually insufficient. In this case, the court modified the judgment of the trial court and affirmed, awarding compensation for total and permanent loss of use of the fingers. In the court of civil appeals, Glover requested that the court either affirm the judgment of the trial court or, alternatively, render judgment awarding him compensation for total and permanent loss of use of the fingers. In his application for writ of error, Glover prays that this court reverse the judgment of the court of civil appeals and render judgment as found in the trial court. This we cannot do because of the insufficiency of evidence points. Alternatively, he prays that the cause not be remanded for new trial, but that the judgment of the court of civil appeals be affirmed. We view this as an express waiver of his right to a new trial.

Accordingly, our order granting the application for writ of error is set aside and the application for writ of error is refused, no reversible error.