IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-255-CV





FUAD KHURI,



 APPELLANT


vs.





ROY BELL AND JINGLE BELL,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 423,330, HONORABLE JOE B. DIBRELL, JUDGE PRESIDING



 





 This is an appeal from a suit involving misrepresentations in the sale of a
condominium unit. The purchaser, Roy Bell, sued the condominium owner and seller, Fuad
Khuri, for alleged violations of the Deceptive Trade Practices Act (DTPA). Tex. Bus. & Com.
Code Ann. §§ 17.41-.63 (1987 & Supp. 1991). Following a jury trial, the district court rendered
judgment against Khuri and he now appeals. We affirm the trial-court judgment.



BACKGROUND


 In July of 1985, Roy Bell purchased a condominium in Lakeway Patio Homes,
Section II, from Fuad Khuri. The condominium unit flooded in December of 1985, April of 1986,
and May of 1987. Bell sued Khuri in July of 1987, alleging that Khuri violated the DTPA by
misrepresenting that the property was not subject to flooding.

 The jury found that Khuri engaged in false, misleading, or deceptive acts, and
engaged in an unconscionable course of conduct in selling his condominium. The jury further
found that the difference in value between the property as represented and as purchased was
$12,500 and that the reasonable cost to repair the flood damage was $1363.63. The trial court
rendered judgment against Khuri in the amount of $13,863.63, plus attorney's fees and $2,000
automatic additional damages. Khuri now appeals.



DISCUSSION


I. Offset of Damages.

 In his first point of error, Khuri advances the novel theory that because Bell
enjoyed the use of the condominium, Khuri should receive the value of this use. Thus, Khuri
contends that the trial court erred in failing to offset the condominium's $57,000 rental value
against the damage award. Khuri cites no authority in support of this proposition, and we find
none.

 Furthermore, Khuri has waived this point of error. The right of offset is an
affirmative defense. Brown v. American Transfer & Storage Co., 601 S.W.2d 931, 936 (Tex.
1980), cert. denied, 449 U.S. 1015 (1980). The Texas Rules of Civil Procedure provide that a
party pleading an affirmative defense shall affirmatively set forth that matter in his pleadings. 
Tex. R. Civ. P. Ann. 94 (Supp. 1991). Here, Khuri proceeded to trial with only a general denial
on file. He made no pleadings and requested no jury instructions regarding offset, and raised the
issue for the first time when he filed a motion for new trial. Accordingly, we overrule this point
of error.



II. Sufficiency of the Evidence.

 In his second and third points of error, Khuri argues that the evidence is legally and
factually insufficient to support the jury's findings on two issues: (1) whether Khuri engaged in
false, misleading, or deceptive acts which were a producing cause of damages to Bell; and (2)
whether Khuri engaged in any unconscionable actions or courses of action which were a producing
cause of damages to Bell.


A. Legal Sufficiency.

 We must first consider Khuri's contention that the evidence presented at trial is
legally insufficient to support the jury findings that Khuri committed deceptive trade practices and
engaged in an unconscionable course of conduct in selling his condominium. See Glover v. Texas
Gen. Indem. Co., 619 S.W.2d 400, 401 (Tex. 1981). In determining whether there is legally
sufficient evidence to support a finding, we consider only the evidence and inferences tending to
support the finding of the trier of fact, and disregard all evidence and inferences to the contrary. 
Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986).

 The record before us shows that although Khuri maintains that this condominium
unit never flooded during his ownership, it flooded at least twice before Khuri bought it and three
times within two years after he sold it to Bell. Ownership in the condominium unit also carries
with it an ownership share in the common areas of the complex, and testimony presented at trial
showed that these common areas had flooded on several occasions during Khuri's ownership. 

 Moreover, Khuri, who is a civil engineer, was a member of a committee formed
by the Resident's Association in 1983 to address the flooding problems affecting Lakeway Patio
Homes. As part of his committee duties, Khuri wrote a letter to the Lakeway Village street
director in which Khuri stated that "the flooding of Lakeway Patio Homes, Section II, has become
a serious and recurring problem." Despite his participation on that committee and his apparent
knowledge of the problem, Khuri executed a multiple listing agreement in conjunction with the
sale in which he certified that the condominium "had no known latent defects or other defects
which would be a significant factor to a reasonable purchaser in making a decision to purchase"
and that the property had never been "threatened or damaged by any natural disasters, such as
flooding." 

 The record indicates that flooding in the area of Lakeway Patio Homes has caused
a dramatic decline in that development's property values. The expert appraiser who, without
knowledge of the history of flooding at Lakeway Patio Homes, had appraised Khuri's
condominium at $140,000 at the time of sale, testified that he would have appraised it at $75,000
if Khuri had revealed the flood history to him. That same appraiser testified that the condominium
was worth approximately $66,000 at the time of trial. Khuri had set the condominium's sale price
at $135,000, but accepted Bell's offer of $125,000 without negotiation.

 Another realtor testified that because of known flooding in the area, no
condominium sales had occurred in Lakeway Patio Homes since Khuri sold his unit to Bell in
1985. The owner of the condominium unit next to Bell's is currently unable to lease the unit on
a long-term basis because of the recurring floods. 

 Under the DTPA, "false, misleading, or deceptive acts or practices" include:



The failure to disclose information concerning goods or services which was known
at the time of the transaction if such failure to disclose such information was
intended to induce the consumer into a transaction into which the consumer would
not have entered had the information been disclosed.



Tex. Bus. & Com. Code Ann. § 17.46(b)(23) (1987). We conclude that the jury could have found
from the facts set out above that Khuri, by failing to disclose the flooding problems affecting the
condominium development, intended to induce Bell to buy property Bell otherwise would not have
purchased. Bell in fact testified that he would not have purchased the condominium if he had
known of the flooding. 

 The DTPA defines an "unconscionable action or course of action" as: 



An act or practice which, to a person's detriment:


(A) takes advantage of the lack of knowledge, ability, experience, or capacity
of a person to a grossly unfair degree; or


(B) results in a gross disparity between the value received and consideration
paid, in a transaction involving transfer of consideration.



Tex. Bus. & Com. Code Ann. § 17.45(5) (1987). We conclude that there is evidence concerning
the condominium's value from which the jury could have found that Khuri followed an
unconscionable course of action which resulted in a gross disparity between the consideration Bell
paid for the condominium and the value received.

 We must also determine if there is any evidence that Khuri's acts were the
producing cause of Bell's damages. The court properly instructed the jury that "producing cause"
means:



An efficient, exciting, or contributing cause, which, in a natural and continuous
sequence, produces the damage or harm complained of, if any. There may be
more than one producing cause.



See Rourke v. Garza, 530 S.W.2d 794, 801 (Tex. 1976). See also David F. Bragg, et al., Texas
Consumer Litigation, § 10.08-.10, at 255-57 (2d ed. 1983). As noted, Bell testified that he would
not have purchased the condominium if he had known of the flooding. The jury could well have
found from this evidence that Khuri's failure to disclose the threat of flooding was the producing
cause of Bell's damages. 

 We conclude that there is evidence in the record to support the jury's finding that
Khuri committed false, misleading, or deceptive acts and that he engaged in an unconscionable
course of conduct by failing to disclose his knowledge of the condominium development's
flooding problems to Bell, and that these acts were the producing cause of Bell's damages. 
Accordingly, we overrule Khuri's legal-sufficiency points of error.



B. Factual Sufficiency.

 Khuri also contends that the evidence presented at trial is factually insufficient to
support the jury findings that Khuri committed deceptive trade practices and engaged in an
unconscionable course of conduct in selling his condominium. In determining whether there is
factually sufficient evidence to support the jury findings, we consider and weigh all of the
evidence, and set aside the judgment only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).

 In addition to the facts set forth above, the record indicates that Khuri had hired
a real estate agency to handle the sale of his condominium and had no direct contact with Bell
until the closing date of the sale. Although Khuri had executed a multiple listing agreement with
Lakeway Real Estate Corporation in which he represented that his property had never been
threatened or damaged by flooding, Bell did not see the multiple listing agreement before he
closed the sale on the condominium. Finally, Khuri maintains that his condominium unit never
flooded during his ownership, and that he was not aware that it had flooded before he owned it.

 After considering all of the evidence, we conclude that there is sufficient evidence
from which the jury could have found that Khuri committed deceptive trade practices and engaged
in an unconscionable course of conduct in selling his condominium by failing to disclose his actual
knowledge of the flooding problems. Despite the evidence that Khuri was unaware of the actual
flooding within the condominium unit he sold to Bell, we are not persuaded that the jury's
findings are so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Accordingly, we overrule Khuri's factual-sufficiency points of error.



CONCLUSION


 We affirm the trial-court judgment.



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed: January 15, 1992

[Do Not Publish]