IN THE INTEREST OF R.G., S.G., and B.L., Children

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-279-CV

IN THE INTEREST OF R.G., S.G., AND B.L., CHILDREN 

------------

FROM THE 360TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Rolando Gonzalez, Sr., appeals the trial court's order terminating his parental rights to his children, R.G., S.G., and B.L.  Appellant contends the evidence was legally and factually insufficient to support the order of termination, and, in addition, he asserts a statutory construction issue.  We affirm.

Appellant and Diana Gonzalez were married in 1986.  Appellant is the biological father of R.G., who was born in 1993, and S.G., who was born in 1996.  B.L., whose father is unknown, was born in 1999 to Diana.  At the time of trial, Appellant and Diana were still married, and Appellant said he was planning on divorcing her.

In 1987, Appellant was convicted of possession of cocaine with intent to deliver and was sentenced to life imprisonment in the TDCJ.  Appellant was released on community supervision in 1992, and R.G. was born the following year.  Appellant testified that at the time he was released on community supervision, he was aware that any future law violations could result in his reincarceration.

Appellant was arrested in 1993 for DWI, but he pled down to a lesser charge, and his community supervision was not revoked.  In 1994, Appellant was arrested for assaulting Diana, and the charge was subsequently dropped.  In 1997, Appellant was caught with cocaine and an open container of beer in his truck.  His community supervision was revoked and he was sent back to TDCJ.  At the time of trial, Appellant was still serving his three-year prison sentence for that offense.  He submitted papers showing that his earliest community supervision date was in October 2002, approximately five months after the trial, and the date was subject to his successful completion of a drug rehabilitation program.

In its original petition, the State alleged three alternative grounds for terminating the parent-child relationship between Appellant and R.G., S.G., and B.L.  
See
 Tex. Fam. Code Ann. 
§ 161.001(1)(D), (E), (N) (Vernon 2002).  The trial court terminated Appellant’s parent-child relationship.  In the same order, the trial court also terminated the parent-child relationship between Diana Gonzalez and the children and between the unknown father and B.L.  Diana and the unknown father are not a part of this appeal.

A parent’s rights to “the companionship, care, custody and management” of his children are constitutional interests “far more precious than any property right.”  
Santosky v. Kramer
, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 1397 (1982).  In a termination case, the State seeks not just to limit those rights but to end them permanently—to divest the parent and child of all legal rights, privileges, duties, and powers normally existing between them, except for the child’s right to inherit.  
T
EX
. F
AM
. C
ODE
 A
NN
. § 161.206(b); 
Holick v. Smith
, 685 S.W.2d 18, 20 (Tex. 1985).

In proceedings to terminate the parent-child relationship brought under section 161.001 of the family code, the petitioner must establish one or more of the acts or omissions enumerated under subdivision (1) of the statute and must also prove that termination is in the best interest of the child.  
T
EX.
 F
AM.
 C
ODE
 A
NN.
 § 161.001; 
Richardson v. Green
, 677 S.W.2d 497, 499 (Tex. 1984).  Both elements must be established; termination may not be based solely on the best interest of the child as determined by the fact finder.  
Tex. Dep’t of Human Servs. v. Boyd
, 727 S.W.2d 531, 533 (Tex. 1987).

Termination of parental rights is a drastic remedy and is of such weight and gravity that due process requires the petitioner to justify termination by “clear and convincing evidence.”  T
EX
. F
AM
. C
ODE
 A
NN
. § 161.206(a).  This standard is defined as the “measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.”  
Id.
 § 101.007; 
Transp. Ins. Co. v. Moriel,
 879 S.W.2d 10, 31 (Tex. 1994).  This intermediate standard falls between the preponderance standard of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings.  
State v. Addington
, 588 S.W.2d 569, 570 (Tex. 1979); 
In re D.T.
, 34 S.W.3d 625, 630 (Tex. App.—Fort Worth 2000, pet. denied) (op. on reh’g).  While the proof must be more than merely the greater weight of the credible evidence, there is no requirement that the evidence be unequivocal or undisputed.  
Addington
, 588 S.W.2d at 570
.
  Termination proceedings should be strictly scrutinized, and involuntary termination statutes are strictly construed in favor of the parent.  
Holick,
 685 S.W.2d at 20-21; 
In re A.V.
, 849 S.W.2d 393, 400 (Tex. App.—Fort Worth 1993, no writ).

In this case, in its termination order, the trial court found that Appellant engaged in conduct or knowingly placed R.G., S.G., and B.L. with persons who engaged in conduct that endangered their emotional or physical well-being.
(footnote: 2)  T
EX.
 F
AM.
 C
ODE
 A
NN.
 § 161.001(1)(E).  In addition, the trial court found that termination of the parent-child relationship between Appellant and R.G., S.G., and B.L. would be in the children's best interests.

On appeal, Appellant contends the evidence is both legally and factually insufficient to support the statutory ground of termination.  In his issue presented, Appellant does not specifically state that he is challenging the factual sufficiency of the evidence; however, because he cites several factual insufficiency cases in his brief and contends in his argument section “that the evidence presented was both legally and factually insufficient to support termination of his parental rights,” we construe his brief as properly raising this issue.  
See Pool v. Ford Motor Co.
, 715 S.W.2d 629, 633 (Tex. 1986) (op. on reh'g) (holding that because the Texas Supreme Court’s practice is to liberally construe the issues or points contained in appellate briefs, an inappropriately phrased point should be construed as raising a challenge to the factual sufficiency of the evidence where the error is "readily apparent from the argument briefed”); 
see
 T
EX
. R. A
PP
. P. 38.1(e); 
see also, e.g., Muhlbauer v. Muhlbauer
, 686 S.W.2d 366, 368 (Tex. App.—Fort Worth 1985, no writ). Appellant does not challenge the finding that termination is in the best interest of the children.

When presented with legal and factual sufficiency challenges, the reviewing court first reviews the legal sufficiency of the evidence.
  Glover v. Tex. Gen. Indem. Co.,
 619 S.W.2d 400, 401 (Tex. 1981).  In determining legal and factual sufficiency points, the higher burden of proof in termination cases alters the appellate standard of review.  
In re J.F.C.
, 96 S.W.3d 256, 265 (Tex. 2002); 
In re C.H., 
89 S.W.3d 17, 25 (Tex. 2002).  “[A] finding that must be based on clear and convincing evidence cannot be viewed on appeal the same as one that may be sustained on a mere preponderance.”  
In re C.H., 
89 S.W.3d at 25
.
  In considering whether evidence rises to the level of being clear and convincing, we must consider whether the evidence is sufficient to produce in the mind of the fact finder a firm belief or conviction as to the truth of the allegation sought to be established.  
Id
.  

In both a legal and factual sufficiency review, our inquiry is whether, on the entire record, the evidence is such that a fact finder could reasonably form a firm conviction or belief about the truth of the matter on which the State bears the burden of proof.
  In re J.F.C.,
96 S.W.3d at 266
; 
In re C.H., 
89 S.W.3d at 25
.  While our inquiry in both legal and factual sufficiency points is the same, there is a distinction in how the evidence is reviewed.  
In re J.F.C.,
 
96 S.W.3d at 266
.  
In a legal sufficiency review, a reviewing court must look at all of the evidence in the light most favorable to the finding to determine whether a reasonable fact finder could have formed a firm belief or conviction that its finding was true.  
Id.
  We must give deference to the fact finder, and assume that the fact finder resolved disputed facts in favor of its finding if a reasonable fact finder could do so, and disregard all evidence that a reasonable fact finder could have disbelieved or found to have been incredible. 
 Id. 
 The evidence is legally insufficient if no reasonable fact finder could form a firm belief or conviction that the matter that must be proven is true.  
Id.

In a factual sufficiency review, we must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing.  
In re C.H.
, 
89 S.W.3d at 25.
  We must consider whether disputed evidence is such that a reasonable fact finder could not have resolved that disputed evidence in favor of its finding.  
Id.
  The evidence is factually insufficient if, in light of the entire record, the disputed evidence that a reasonable fact finder could not have credited in favor of the finding is so significant that a fact finder could not reasonably have formed a firm belief or conviction.  
In re J.F.C.,
 96 S.W.3d at 266.

Subsection E requires us to look at the parent's conduct alone, including actions, omissions, or the parent's failure to act.
  Tex. Fam. Code Ann.
 § 161.001(1)(E); 
In re D.M., 
58 S.W.3d 801, 811 (Tex. App.—Fort Worth 2001, no pet.).  The parent's endangering acts need not have been directed at the child, or have caused an actual injury or threat of injury to the child; instead, this element may be satisfied by showing the parent in question engaged in a course of conduct that endangered the child's physical or emotional well-being.  
In re D.M.,
 58 S.W.3d at 811.

"Endanger" under subsection E means to expose to loss or injury, to jeopardize.  
Boyd, 
727 S.W.2d at 533.  The term means more than a threat of "metaphysical injury," but it is not necessary that the conduct be directed at the child or that the child actually suffer injury.  
Id. 
 Nevertheless, evidence of endangerment to the child's physical or emotional well-being as the direct result of the parent's conduct must exist.  
In re D.M.,
 58 S.W.3d at 811; 
In re R.D., 
955 S.W.2d 364, 368 (Tex. App.—San Antonio 1997, pet. denied).

In a termination proceeding, the trial court’s consideration of parental conduct that occurred before the child's birth is inconsequential.  
In re D.M.,
 58 S.W.3d at 812.  Courts may look to what the parent did both before and after the child's birth to determine whether termination is necessary.
  Id.;  Avery v. State, 
963 S.W.2d 550, 553 (Tex. App.—Houston [1
st
 Dist.] 1997, no writ).

Additionally, termination under subsection E must be based on more than a single act or omission; a voluntary, deliberate, and conscious "course of conduct" by the parent is required.  
In re D.M.,
 58 S.W.3d at 812; 
In re D.T.,
 34 S.W.3d at 634.  Imprisonment, standing alone, does not constitute "engaging in conduct which endangers the emotional or physical well-being of a child."  
Boyd, 
727 S.W.2d at 533-34; 
In re D.M.,
 58 S.W.3d at 812. However, it is a fact properly considered on the issue of endangerment.  
Boyd,
 727 S.W.2d at 533-34;  
In re D.M.,
 58 S.W.3d at 812. The State need not show incarceration was a result of a course of conduct endangering the child;  it need only show incarceration was part of a course of conduct endangering the child.  
Boyd,
 727 S.W.2d at 533-34;  
In re D.M.,
 58 S.W.3d at 812. Thus, if the evidence, including imprisonment, proves a course of conduct that has the effect of endangering the child, the requirement of subsection E is met.  
Boyd,
 727 S.W.2d at 533-34;  
In re D.M.,
 58 S.W.3d at 812. 

After our careful review of the record, we hold that a reasonable fact finder could have formed a firm conviction or belief that
 
Appellant 
violated subsection E.  
Tex. Fam. Code Ann.
 § 161.001(1)(E); 
see In re J.F.C.,
 96 S.W.3d at 266; 
In re C.H.,
 89 S.W.3d at 25.  We hold that the evidence was both legally and factually sufficient to support the trial court’s grant of termination under subsection E.  
Tex. Fam. Code Ann.
 § 161.001(1)(E).

Finally, Appellant argues in a separate issue that “Texas courts have improperly defined the word ‘child’ under the Texas Family Code § 161.001(E).”  Because Appellant did not raise this issue in the trial court, it is not properly before us on appeal.  
See 
Tex. R. App. P.
 33.1 (providing that a party must complain to the trial court by a timely request, objection, or motion to preserve the complaint for appellate review).  We overrule this issue.

We affirm the trial court’s order.

PER CURIAM

PANEL F: HOLMAN, DAY, and LIVINGSTON, JJ.

DELIVERED: March 27, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
The State erroneously contends that the trial court granted the termination on alternate statutory grounds.  In fact, the trial court granted termination on only one ground, subsection E, which is one enumerated subsection of the family code, not alternate grounds as the State asserts.  
See 
Tex. Fam. Code Ann.
 § 161.001(1)(E).  In his brief, Appellant challenged the grant specifically on that ground.