COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-279-CV
 
IN THE INTEREST OF R.G., S.G., AND B.L., CHILDREN
 
------------
FROM THE 360TH DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Rolando Gonzalez, Sr., appeals
the trial court's order terminating his parental rights to his children, R.G.,
S.G., and B.L. Appellant contends the evidence was legally and factually
insufficient to support the order of termination, and, in addition, he asserts a
statutory construction issue. We affirm.
Appellant and Diana Gonzalez were married
in 1986. Appellant is the biological father of R.G., who was born in 1993, and
S.G., who was born in 1996. B.L., whose father is unknown, was born in 1999 to
Diana. At the time of trial, Appellant and Diana were still married, and
Appellant said he was planning on divorcing her.
In 1987, Appellant was convicted of
possession of cocaine with intent to deliver and was sentenced to life
imprisonment in the TDCJ. Appellant was released on community supervision in
1992, and R.G. was born the following year. Appellant testified that at the time
he was released on community supervision, he was aware that any future law
violations could result in his reincarceration.
Appellant was arrested in 1993 for DWI,
but he pled down to a lesser charge, and his community supervision was not
revoked. In 1994, Appellant was arrested for assaulting Diana, and the charge
was subsequently dropped. In 1997, Appellant was caught with cocaine and an open
container of beer in his truck. His community supervision was revoked and he was
sent back to TDCJ. At the time of trial, Appellant was still serving his
three-year prison sentence for that offense. He submitted papers showing that
his earliest community supervision date was in October 2002, approximately five
months after the trial, and the date was subject to his successful completion of
a drug rehabilitation program.
In its original petition, the State
alleged three alternative grounds for terminating the parent-child relationship
between Appellant and R.G., S.G., and B.L. See Tex. Fam. Code Ann. §
161.001(1)(D), (E), (N) (Vernon 2002). The trial court terminated Appellant's
parent-child relationship. In the same order, the trial court also terminated
the parent-child relationship between Diana Gonzalez and the children and
between the unknown father and B.L. Diana and the unknown father are not a part
of this appeal.
A parent's rights to "the
companionship, care, custody and management" of his children are
constitutional interests "far more precious than any property right." Santosky
v. Kramer, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 1397 (1982). In a
termination case, the State seeks not just to limit those rights but to end them
permanently--to divest the parent and child of all legal rights, privileges,
duties, and powers normally existing between them, except for the child's right
to inherit. TEX. FAM.
CODE ANN.
§ 161.206(b); Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985).
In proceedings to terminate the
parent-child relationship brought under section 161.001 of the family code, the
petitioner must establish one or more of the acts or omissions enumerated under
subdivision (1) of the statute and must also prove that termination is in the
best interest of the child. TEX.
FAM. CODE
ANN. § 161.001; Richardson
v. Green, 677 S.W.2d 497, 499 (Tex. 1984). Both elements must be
established; termination may not be based solely on the best interest of the
child as determined by the fact finder. Tex. Dep't of Human Servs. v. Boyd,
727 S.W.2d 531, 533 (Tex. 1987).
Termination of parental rights is a
drastic remedy and is of such weight and gravity that due process requires the
petitioner to justify termination by "clear and convincing evidence."
TEX. FAM.
CODE ANN.
§ 161.206(a). This standard is defined as the "measure or degree of proof
that will produce in the mind of the trier of fact a firm belief or conviction
as to the truth of the allegations sought to be established." Id.
§ 101.007; Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 31 (Tex. 1994).
This intermediate standard falls between the preponderance standard of ordinary
civil proceedings and the reasonable doubt standard of criminal proceedings. State
v. Addington, 588 S.W.2d 569, 570 (Tex. 1979); In re D.T., 34
S.W.3d 625, 630 (Tex. App.--Fort Worth 2000, pet. denied) (op. on reh'g). While
the proof must be more than merely the greater weight of the credible evidence,
there is no requirement that the evidence be unequivocal or undisputed. Addington,
588 S.W.2d at 570. Termination proceedings should be strictly scrutinized, and
involuntary termination statutes are strictly construed in favor of the parent. Holick,
685 S.W.2d at 20-21; In re A.V., 849 S.W.2d 393, 400 (Tex. App.--Fort
Worth 1993, no writ).
In this case, in its termination order,
the trial court found that Appellant engaged in conduct or knowingly placed R.G.,
S.G., and B.L. with persons who engaged in conduct that endangered their
emotional or physical well-being.(2) TEX.
FAM. CODE
ANN. § 161.001(1)(E). In
addition, the trial court found that termination of the parent-child
relationship between Appellant and R.G., S.G., and B.L. would be in the
children's best interests.
On appeal, Appellant contends the evidence
is both legally and factually insufficient to support the statutory ground of
termination. In his issue presented, Appellant does not specifically state that
he is challenging the factual sufficiency of the evidence; however, because he
cites several factual insufficiency cases in his brief and contends in his
argument section "that the evidence presented was both legally and
factually insufficient to support termination of his parental rights," we
construe his brief as properly raising this issue. See Pool v. Ford Motor
Co., 715 S.W.2d 629, 633 (Tex. 1986) (op. on reh'g) (holding that because
the Texas Supreme Court's practice is to liberally construe the issues or points
contained in appellate briefs, an inappropriately phrased point should be
construed as raising a challenge to the factual sufficiency of the evidence
where the error is "readily apparent from the argument briefed"); see
TEX. R. APP.
P. 38.1(e); see also, e.g., Muhlbauer v. Muhlbauer, 686 S.W.2d 366, 368
(Tex. App.--Fort Worth 1985, no writ). Appellant does not challenge the finding
that termination is in the best interest of the children.
When presented with legal and factual
sufficiency challenges, the reviewing court first reviews the legal sufficiency
of the evidence. Glover v. Tex. Gen. Indem. Co., 619 S.W.2d 400, 401
(Tex. 1981). In determining legal and factual sufficiency points, the higher
burden of proof in termination cases alters the appellate standard of review. In
re J.F.C., 96 S.W.3d 256, 265 (Tex. 2002); In re C.H., 89 S.W.3d
17, 25 (Tex. 2002). "[A] finding that must be based on clear and convincing
evidence cannot be viewed on appeal the same as one that may be sustained on a
mere preponderance." In re C.H., 89 S.W.3d at 25. In considering
whether evidence rises to the level of being clear and convincing, we must
consider whether the evidence is sufficient to produce in the mind of the fact
finder a firm belief or conviction as to the truth of the allegation sought to
be established. Id.
In both a legal and factual sufficiency
review, our inquiry is whether, on the entire record, the evidence is such that
a fact finder could reasonably form a firm conviction or belief about the truth
of the matter on which the State bears the burden of proof. In re J.F.C.,
96 S.W.3d at 266; In re C.H., 89 S.W.3d at 25. While our inquiry in
both legal and factual sufficiency points is the same, there is a distinction in
how the evidence is reviewed. In re J.F.C., 96 S.W.3d at 266. In a
legal sufficiency review, a reviewing court must look at all of the evidence in
the light most favorable to the finding to determine whether a reasonable fact
finder could have formed a firm belief or conviction that its finding was true. Id.
We must give deference to the fact finder, and assume that the fact finder
resolved disputed facts in favor of its finding if a reasonable fact finder
could do so, and disregard all evidence that a reasonable fact finder could have
disbelieved or found to have been incredible. Id. The evidence is
legally insufficient if no reasonable fact finder could form a firm belief or
conviction that the matter that must be proven is true. Id.
In a factual sufficiency review, we must
give due consideration to evidence that the fact finder could reasonably have
found to be clear and convincing. In re C.H., 89 S.W.3d at 25. We must
consider whether disputed evidence is such that a reasonable fact finder could
not have resolved that disputed evidence in favor of its finding. Id.
The evidence is factually insufficient if, in light of the entire record, the
disputed evidence that a reasonable fact finder could not have credited in favor
of the finding is so significant that a fact finder could not reasonably have
formed a firm belief or conviction. In re J.F.C., 96 S.W.3d at 266.
Subsection E requires us to look at the
parent's conduct alone, including actions, omissions, or the parent's failure to
act. Tex. Fam. Code Ann. § 161.001(1)(E); In re D.M., 58 S.W.3d 801,
811 (Tex. App.--Fort Worth 2001, no pet.). The parent's endangering acts need
not have been directed at the child, or have caused an actual injury or threat
of injury to the child; instead, this element may be satisfied by showing the
parent in question engaged in a course of conduct that endangered the child's
physical or emotional well-being. In re D.M., 58 S.W.3d at 811.
"Endanger" under subsection E
means to expose to loss or injury, to jeopardize. Boyd, 727 S.W.2d at
533. The term means more than a threat of "metaphysical injury," but
it is not necessary that the conduct be directed at the child or that the child
actually suffer injury. Id. Nevertheless, evidence of endangerment to
the child's physical or emotional well-being as the direct result of the
parent's conduct must exist. In re D.M., 58 S.W.3d at 811; In re
R.D., 955 S.W.2d 364, 368 (Tex. App.--San Antonio 1997, pet. denied).
In a termination proceeding, the trial
court's consideration of parental conduct that occurred before the child's birth
is inconsequential. In re D.M., 58 S.W.3d at 812. Courts may look to
what the parent did both before and after the child's birth to determine whether
termination is necessary. Id.; Avery v. State, 963 S.W.2d 550, 553
(Tex. App.--Houston [1st Dist.] 1997, no writ).
Additionally, termination under subsection
E must be based on more than a single act or omission; a voluntary, deliberate,
and conscious "course of conduct" by the parent is required. In re
D.M., 58 S.W.3d at 812; In re D.T., 34 S.W.3d at 634.
Imprisonment, standing alone, does not constitute "engaging in conduct
which endangers the emotional or physical well-being of a child." Boyd,
727 S.W.2d at 533-34; In re D.M., 58 S.W.3d at 812. However, it is
a fact properly considered on the issue of endangerment. Boyd, 727
S.W.2d at 533-34; In re D.M., 58 S.W.3d at 812. The State need not show
incarceration was a result of a course of conduct endangering the child; it need
only show incarceration was part of a course of conduct endangering the child. Boyd,
727 S.W.2d at 533-34; In re D.M., 58 S.W.3d at 812. Thus, if the
evidence, including imprisonment, proves a course of conduct that has the effect
of endangering the child, the requirement of subsection E is met. Boyd,
727 S.W.2d at 533-34; In re D.M., 58 S.W.3d at 812.
After our careful review of the record, we
hold that a reasonable fact finder could have formed a firm conviction or belief
that Appellant violated subsection E. Tex. Fam. Code Ann. § 161.001(1)(E); see
In re J.F.C., 96 S.W.3d at 266; In re C.H., 89 S.W.3d at 25. We
hold that the evidence was both legally and factually sufficient to support the
trial court's grant of termination under subsection E. Tex. Fam. Code Ann. §
161.001(1)(E).
Finally, Appellant argues in a separate
issue that "Texas courts have improperly defined the word 'child' under the
Texas Family Code § 161.001(E)." Because Appellant did not raise this
issue in the trial court, it is not properly before us on appeal. See
Tex. R. App. P. 33.1 (providing that a party must complain to the trial court by
a timely request, objection, or motion to preserve the complaint for appellate
review). We overrule this issue.
We affirm the trial court's order.
                                                                        PER
CURIAM
 
PANEL F: HOLMAN, DAY, and LIVINGSTON, JJ.
 
DELIVERED: March 27, 2003

1. See Tex. R. App. P. 47.4.
2. The State erroneously contends that the trial court
granted the termination on alternate statutory grounds. In fact, the trial court
granted termination on only one ground, subsection E, which is one enumerated
subsection of the family code, not alternate grounds as the State asserts. See
Tex. Fam. Code Ann. § 161.001(1)(E). In his brief, Appellant challenged
the grant specifically on that ground.