NO. 07-03-0033-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 14, 2003

_____

J. R. HELICOPTER CONSULTING & MAINTENANCE SERVICES, APPELLANT

V.

WAYNE McDANIEL, APPELLEE

_____

FROM THE 356TH DISTRICT COURT OF HARDIN COUNTY;

NO. 40,966; HONORABLE BRITT PLUNK, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**

J.R. Helicopter Consulting & Maintenance Services (J.R.) challenges a judgment

following a bench trial that Wayne McDaniel recover damages of $25,000 plus $7,500 in

attorney's fees and prejudgment and postjudgment interest.  By its first three issues, J.R.

questions whether the evidence supports the trial court's findings of fact and conclusions

of law that (1) it breached a contract, made negligent misrepresentations, or breached a legal duty owed to McDaniel; (2) its conduct caused McDaniel's alleged damages; and (3) McDaniel suffered $25,000 in actual damages. By its remaining three issues, J.R. questions whether the trial court erred in (4) awarding McDaniel attorney's fees; (5) failing to offset or credit McDaniel's settlement with Baker Trucking against the final judgment;[1] and (6) failing to find in its favor on its counterclaims against McDaniel. Based upon the rationale expressed herein, we reverse and remand for a new trial.

McDaniel made a contract to sell his helicopter to a buyer located in South Carolina by which the buyer agreed to pay $20,000 cash and trade a bulldozer. In order to complete the sale, McDaniel verbally engaged J.R. to repair an oil leak and load the helicopter on a trailer for shipment by Baker Trucking to the buyer. After the helicopter was shipped and delivered, the buyer refused to pay the full purchase price contending the helicopter had been damaged during shipment. Instead, the buyer paid only $9,000 cash and looked to the seller for other costs of repairs and parts to the helicopter, which damages and losses McDaniel sought to recover against Baker Trucking and J.R. by the underlying suit. As material to his claims against J.R., by his live petition, McDaniel sought to recover actual and exemplary damages on theories of breach of contract, fraud, violations of the Deceptive Trade Practices Act, negligent representation, and negligence.

---

[1]McDaniel settled his claim against Baker Trucking and it is not a party to the judgment or this appeal.

2

After hearing evidence and arguments, the trial court signed its judgment that McDaniel recover actual damages of $25,000 plus attorney's fees of $7,500 against J.R., but declined to award any exemplary damages and denied J.R. recovery or offset on its counterclaim. Then, at J.R.'s request, among other findings of fact not material to our review, the trial court found:

(1) J.R. contracted with McDaniel to properly disassemble, prepare, and load the helicopter for shipment.

(2) J.R. failed to comply with the terms of the agreement.

(3) J.R.'s failure to comply was not excused.

(10) J.R.'s breach proximately caused McDaniel's injury.

(17) McDaniel sustained $25,000 in damages as a result of J.R.'s breaches, acts, or omissions.

Before we commence our analysis of the issues, we first set forth the standard of review to be utilized in our review.

Findings of fact in a bench trial have the same force as a jury's verdict upon jury questions. City of Clute v. City of Lake Jackson, 559 S.W.2d 391, 395 (Tex.Civ.App.-- Houston [14th Dist.] 1977, writ ref'd n.r.e.). However, findings of fact are not conclusive when a complete statement of facts appears in the record if the contrary is established as a matter of law or if there is no evidence to support the findings. Middleton v. Kawasaki

3

Steel Corp., 687 S.W.2d 42, 44 (Tex.App.--Houston [14th Dist.] 1985), *writ ref'd n.r.e.*, 699 S.W.2d 199 (Tex. 1985) (per curiam). Findings of fact are reviewable for factual and legal sufficiency under the same standards that are applied in reviewing evidence supporting a jury's answer. Zieben v. Platt, 786 S.W.2d 797, 799 (Tex.App.--Houston [14th Dist.] 1990, no writ); *see also* W. Wendell Hall, *Revisiting Standards of Review in Civil Appeals*, 24 ST. MARY'S L.J. 1045, 1145 (1993).

Further, where an appellant challenges both legal and factual sufficiency of the evidence, the appellate court should first review the legal sufficiency challenge. Glover v. Texas Gen. Indem. Co., 619 S.W.2d 400, 401 (Tex. 1981); Koch Oil Co. v. Wilber, 895 S.W.2d 854, 862 (Tex.App.--Beaumont 1995, writ denied). If an appellant is attacking the legal sufficiency of an adverse finding on which he did not have the burden of proof, he must show on appeal that there is no evidence to support the adverse finding. Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983) (en banc). The reviewing court considers the evidence in the light most favorable to the finding to determine if there is any probative evidence or reasonable inferences therefrom which supports the finding. *Glover*, 619 S.W.2d at 401. The court disregards all evidence and inferences to the contrary. Weirich v. Weirich, 833 S.W.2d 942, 945 (Tex. 1992).

By his first issue, J.R. contends there is no evidence, or factually insufficient evidence, to support the trial court's finding that it breached a contract, made negligent misrepresentations, or breached a legal duty owed to McDaniel. We disagree. By its

4

counterclaim and trial testimony, J.R. admitted it was engaged to repair the oil leak on the helicopter and load it on the trailer for shipment to the buyer. Further, McDaniel testified he gave J.R. specific instructions regarding disassembly, preparation, and loading of the helicopter, including support for the tail boom. Further instructions were also given on how to drain the fuel and cover and/or seal the helicopter to keep moisture out during shipping. J.R. did not dispute the existence of a contract, but only challenged the terms thereof. Although the evidence was disputed, because a contract implied in fact may be created by the acts and conduct of the parties, *see* Board of County Com'rs v. Amarillo Hosp., 835 S.W.2d 115, 125 (Tex.App.--Amarillo 1992, no writ), we conclude the evidence is legally and factually sufficient to support the finding of a contract by the trier of fact. J.R.'s first issue is overruled.

By his second issue, J.R. contends the evidence does not support the trial court's findings and conclusions that its conduct caused McDaniel's alleged damages. We disagree. We commence our analysis by first noting that J.R. does not challenge the findings that it failed to comply with the terms of the agreement and does not address the trial court's findings that its omissions as well as its acts resulted in McDaniel's damages.[2]

---

[2]J.R. does not challenge the legal sufficiency of the evidence or contend that the finding is deficient because it does not itemize or describe the damage to the helicopter that required repairs.

Among other omissions, the evidence shows that after J.R. loaded the helicopter for shipment, it did not cover the cabin or install the doors to protect from water damage. Also, McDaniel testified the buyer reduced the cash payment by $11,000 because of water damage caused during shipment. Because damages may be recovered when the loss is the natural, probable, and foreseeable consequence of a party's conduct, *see* Mead v. Johnson Group, Inc., 615 S.W.2d 686, 687 (Tex. 1981), J.R.'s failure to cover the cabin or install the doors is sufficient evidence to support the trial court's finding of the existence of causation of some damage. J.R.'s second issue is overruled.

By his third issue, J.R. argues that evidence is legally or factually insufficient to support the trial court's finding that McDaniel sustained $25,000 in damages. We agree that the evidence is factually insufficient. McDaniel testified the buyer refused to pay the full $20,000 cash portion of the consideration and paid only $9,000. In addition, he testified that damage to the instrumentation, radio, electronics, and G.P.S. caused by exposure to water remained unrepaired. Also, he testified that in his opinion, he still owed the buyer $13,000 to $14,000. The finding of $25,000 damages is not itemized; however, from the evidence, it is obvious that the award included the $11,000 withheld by the buyer and the amount of $14,000 which McDaniel estimated to be the cost of remaining repairs. Although McDaniel may be entitled to recover the reasonable expenses for these additional damages if they are shown to be necessarily incurred to repair the helicopter, a question we do not decide, the evidence was insufficient to show that the cost of repairs was reasonable and necessary. *See* Castanon v. Monsevais, 703 S.W.2d 295, 298 (Tex.App.--

6

San Antonio 1985, no writ) (holding that a repair estimate to a motor vehicle was not sufficient to show reasonable and necessary costs of repairs); *see also* Bradley v. Castro, 591 S.W.2d 304, 306 (Tex.Civ.App.--Fort Worth 1979, no writ) (holding that mere proof of amounts charged or paid does not raise an issue of reasonableness and such amounts ordinarily cannot be recovered without evidence showing that the charges are reasonable). We sustain J.R.'s third issue. Because the amount of damages is unliquidated and J.R. disputed liability, our disposition of its third issue pretermits our consideration of its remaining issues.

Accordingly, we reverse the judgment and remand the cause to the trial court for a new trial on all issues. *See* Tex. R. App. P. 44.1(b); *see* Estrada v. Dillon, 44 S.W.3d 558, 562 (Tex. 2001); *Bradley*, 591 S.W.2d at 306.

Don H. Reavis
Justice
