# NO. 12-13-00316-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE* |
| *M.L.H.-M.,* | § | *COUNTY COURT AT LAW* |
| *A CHILD,* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

V.H. appeals the termination of her parental rights.  In seven issues, V.H. challenges the order of termination. We affirm.

## BACKGROUND

V.H. is the mother of M.L.H.-M., born May 31, 2013.  B.M. is the father of M.L.H.-M. and is not a party to this appeal.  On June 3, 2013, the Department of Family and Protective Services (the Department) filed an original petition for protection of M.L.H.-M., for conservatorship, and for termination of V.H.'s parental rights.  The Department was appointed temporary managing conservator of the child, and V.H. was appointed temporary possessory conservator with limited rights and duties, including visitation.

At the conclusion of the trial on the merits, the trial court found, by clear and convincing evidence, that V.H. had engaged in one or more of the acts or omissions necessary to support termination of her parental rights.  The trial court also found that termination of the parent-child relationship between V.H. and M.L.H.-M. was in the child's best interest.  Based on these findings, the trial court ordered that the parent-child relationship between V.H. and M.L.H.-M. be terminated.  This appeal followed.

## TERMINATION OF PARENTAL RIGHTS

Involuntary termination of parental rights embodies fundamental constitutional rights. *Vela v. Marywood*, 17 S.W.3d 750, 759 (Tex. App.–Austin 2000), *pet. denied per curiam*, 53 S.W.3d 684 (Tex. 2001); *In re J.J.*, 911 S.W.2d 437, 439 (Tex. App.–Texarkana 1995, writ denied). Because a termination action "permanently sunders" the bonds between a parent and child, the proceedings must be strictly scrutinized. *Wiley v. Spratlan*, 543 S.W.2d 349, 352 (Tex. 1976); *In re Shaw*, 966 S.W.2d 174, 179 (Tex. App.–El Paso 1998, no pet.).

Section 161.001 of the family code permits a court to order termination of parental rights if two elements are established. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2013); *In re J.M.T.*, 39 S.W.3d 234, 237 (Tex. App.–Waco 1999, no pet.). First, the parent must have engaged in any one of the acts or omissions itemized in the first subsection of the statute. TEX. FAM. CODE ANN. § 161.001(1) (West Supp. 2013); *Green v. Texas Dep't of Protective & Regulatory Servs.*, 25 S.W.3d 213, 219 (Tex. App.–El Paso 2000, no pet.); *In re J.M.T.*, 39 S.W.3d at 237. Second, termination must be in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(2) (West Supp. 2013); *In re J.M.T.*, 39 S.W.3d at 237. Both elements must be established by clear and convincing evidence, and proof of one element does not alleviate the petitioner's burden of proving the other. TEX. FAM. CODE ANN. § 161.001; *Wiley*, 543 S.W.2d at 351; *In re J.M.T.*, 39 S.W.3d at 237.

The clear and convincing standard for termination of parental rights is both constitutionally and statutorily mandated. TEX. FAM. CODE ANN. § 161.001; *In re J.J.*, 911 S.W.2d at 439. Clear and convincing evidence means "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2008). The burden of proof is upon the party seeking the deprivation of parental rights. *In re J.M.T.*, 39 S.W.3d at 240.

## STANDARD OF REVIEW

When confronted with both a legal and factual sufficiency challenge, an appellate court must first review the legal sufficiency of the evidence. *Glover v. Tex. Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex. 1981); *In re M.D.S.*, 1 S.W.3d 190, 197 (Tex. App.–Amarillo 1999, no pet.). In conducting a legal sufficiency review, we must look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm

belief or conviction that its findings were true. ***In re J.F.C.***, 96 S.W.3d 256, 266 (Tex. 2002). We must assume that the fact finder settled disputed facts in favor of its finding if a reasonable fact finder could do so and disregard all evidence that a reasonable fact finder could have disbelieved or found incredible. ***Id***.

The appropriate standard for reviewing a factual sufficiency challenge to the termination findings is whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of the petitioner's allegations. ***In re C.H.***, 89 S.W.3d 17, 25 (Tex. 2002). In determining whether the fact finder has met this standard, an appellate court considers all the evidence in the record, both that in support of and contrary to the trial court's findings. ***Id***. at 27-29. Further, an appellate court should consider whether disputed evidence is such that a reasonable fact finder could not have reconciled that disputed evidence in favor of its finding. ***In re J.F.C.***, 96 S.W.3d at 266. The trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. ***Nordstrom v. Nordstrom***, 965 S.W.2d 575, 580 (Tex. App.–Houston [1st Dist.] 1997, pet. denied).

### TERMINATION UNDER SECTION 161.001(1)(M)

In her seventh issue, V.H. argues that the evidence is legally and factually insufficient to support a finding that she had her parent-child relationship terminated with respect to another child based on a finding that her conduct was in violation of Section 161.001(1)(D) or (E) of the Texas Family Code. The court may order termination of the parent-child relationship if it finds by clear and convincing evidence that the parent had her parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of Section 161.001(1)(D) or (E). *See* TEX. FAM. CODE ANN. § 161.001(1)(M) (West Supp. 2013).

The record shows Lawanda Tucker, a conservatorship worker with the Department, testified that V.H.'s parental rights were terminated as to one of her older children, Mo.H. During her testimony, a certified copy of a final decree of termination filed in the district court of Travis County, Texas, on April 27, 2009, was offered and admitted into evidence without objection. Tucker confirmed, and the termination decree showed, that the district court found V.H.'s conduct violated Sections 161.001(1)(D) and (E) of the Texas Family Code, and that the district court terminated V.H.'s parent-child relationship with Mo.H.

V.H. argues, however, that the Department failed to introduce evidence through a proper witness about the specific instances that led to the purported findings. She contends that the Department must again present the underlying facts utilized in the earlier trial to support the prior court's decree of termination for use in this trial. It is well established, however, that when a prior decree of termination as to another child is properly admitted into evidence, the Department need not reestablish that the parent's conduct with respect to that child was in violation of Sections 161.001(1)(D) or (E). *In re J.M.M.*, 80 S.W.3d 232, 243 (Tex. App.—Fort Worth 2002, pet. denied), *disapproved on other grounds, In re J.F.C.*, 96 S.W.3d at 267 & n. 39. The Department need only show that the parent's rights were terminated as to another child based on findings that the parent violated Sections (D) and (E). *See id.*; TEX. FAM. CODE ANN. § 161.001(1)(M).

As a matter of law, V.H.'s parental rights to her older child, Mo.H., were terminated based on findings in the termination decree that she violated Sections 161.001(1)(D) and (E) of the Texas Family Code. Therefore, we hold that the evidence is legally and factually sufficient to support termination of V.H.'s parental rights under Section 161.001(1)(M). Accordingly, we overrule V.H.'s seventh issue regarding Section 161.001(1)(M).

## BEST INTEREST OF THE CHILDREN

In her fifth and sixth issues, V.H. argues that the evidence is legally and factually insufficient to support a finding that termination of her parental rights was in the best interest of the child. In determining the best interest of the child, a number of factors have been considered, including (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976).

This list is not exhaustive, but simply indicates considerations that have been or could be pertinent. *Id.* However, the best interest of the child does not require proof of any unique set of factors nor limit proof to any specific factors. *In re D.M.*, 58 S.W.3d 801, 814 (Tex. App.—Fort

4

Worth 2001, no pet.). The *Holley* test focuses on the best interest of the child, not the parent's best interest. ***Dupree v. Texas Dep't of Protective & Regulatory Servs.***, 907 S.W.2d 81, 86 (Tex. App.—Dallas 1995, no writ). We apply the *Holley* factors below.

**Analysis**

The evidence at trial demonstrated that V.H. had a history of mental illness and drug abuse. Her behavior was erratic and unstable throughout the case, and she was rude, disrespectful, confrontational, and "out of control" towards the Department workers throughout this case. The Department caseworker stated that she tried to work with V.H. and had taken "a lot" of verbal abuse from V.H. and B.M., M.L.H.-M's father and V.H.'s paramour. As a teenager, V.H. was diagnosed with bipolar disorder, depression, and unstable moods. V.H.'s licensed professional counselor testified that V.H.'s main issue was depression, and they talked about positive thinking skills, focusing on things that she can control, and managing her anger. The evidence showed that the overwhelming theme throughout V.H.'s medical and mental health records was instability and chaos that continued to the time of trial based on her relationship with B.M. and continued drug use. V.H.'s pattern of behavior concerned her counselor because nothing had changed. In his opinion, V.H. was unable to demonstrate a stable home because of her continued affiliation with B.M. and her drug use while she was pregnant with M.L.H.-M. V.H.'s being previously diagnosed with delusional disorder and borderline personality disorder would not surprise her counselor based on V.H.'s history of drug use.

V.H. tested positive for marijuana on January 9, 2013, while she was pregnant with M.L.H.-M. However, she had not tested positive for drugs since M.L.H.-M.'s birth, but had recently refused to submit to drug testing. B.M. took one drug test after M.L.H.-M. was removed and it was positive for marijuana. He admitted that another drug test would be positive when he was asked to submit to drug testing about a month before trial. V.H. knew B.M. admitted he was using drugs and that he would be positive for drugs. V.H. chose to stay with B.M. even though he refused to participate in services, failed a drug test, and the Department caseworker and her counselor told her not to continue in a relationship with him. Her counselor discussed with V.H. the importance of her being a role model for her children and that B.M.'s refusing to participate in services did not reflect a stable home. However, "most of the time" V.H. fell back into a "victim role," blaming other people and not taking responsibility for her mistakes.

5

V.H. had three older children, E.H., Mo.H., and Mi.H. She relinquished her parental rights to E.H. and Mi.H. Further, Mi.H. was removed from V.H.'s care because she failed to consent to a medical procedure needed to sustain the child's life. The Department intervened and Mi.H. was saved. The Department caseworker expressed concern that V.H. was unwilling to consent to the appropriate care that her child needed. V.H.'s parental rights to Mo.H. were terminated based on a finding that her conduct violated Sections 161.001(1)(D) and (E) of the Texas Family Code.

V.H.'s visitations with M.L.H.-M. were originally scheduled for one hour each week. However, due to V.H.'s and B.M.'s disrespectful behavior, including not following visitation rules, their visitations were changed to one hour every two weeks. V.H. and B.M. were disrespectful to the Department staff and did not exhibit appropriate behavior during visits, i.e., sitting and napping, talking on their cellular telephones, and talking negatively about the staff. V.H. did not demonstrate the ability to parent even after she completed a parenting class. Further, V.H. did not exhibit any behavior indicating that she had learned from her past mistakes.

The evidence also showed that V.H. and B.M. made allegations against the father of another of V.H.'s children, harassed him, cursed at him, and stalked him. Some of the allegations included accusations that the other father had been physically violent towards V.H. and that he jumped out of the bushes at her house with a knife. The other father recalled a meeting with the Department and V.H. in which she "holler[ed] and yell[ed]" at him and said some "really awful stuff." V.H. harassed and stalked the other father during the pendency of this case, cursing him and hitting him. According to the other father, B.M. acted unstable when B.M. attended court hearings and parenting classes with V.H., "cussed [him] out," and threatened him. He believed that B.M. could be dangerous around his child.

Finally, the Department caseworker believed it was in M.L.H.-M's best interest that V.H.'s parental rights be terminated. The CASA representative recommended that V.H.'s parental rights to M.L.H.-M. be terminated, and V.H.'s counselor was unable to imagine any scenario in which he believed it would be safe, or in the best interest of M.L.H.-M., to be returned to V.H. According to the Department caseworker, M.L.H.-M. was in an adoptive foster placement, and she believed the child would be easily adopted.

Viewing the evidence relating to the *Holley* factors in the light most favorable to the finding, we hold that a reasonable fact finder could have formed a firm belief or conviction that

termination of V.H.'s parental rights was in the best interest of the child. However, V.H. points out that there were no allegations that she physically abused M.L.H.-M., that she used drugs after January 9, 2013, that she had positive drug tests during the pendency of this case, and that the child was uncomfortable or distressed during her supervised visits. Although there is some evidence that M.L.H-M. did not sustain serious injuries while she was in V.H.'s care, this evidence is not so significant that a reasonable trier of fact could not have reconciled this evidence in favor of its finding and formed a firm belief or conviction that terminating V.H.'s parental rights was in the best interest of the child. Therefore, we hold that the evidence is legally and factually sufficient to support the trial court's finding that termination of V.H.'s parental rights is in the best interest of the child. Accordingly, we overrule V.H.'s fifth and sixth issues regarding the best interest of the child.

### DISPOSITION

Having overruled V.H.'s fifth, sixth, and seventh issues, we ***affirm*** the judgment of the trial court. [1]

**SAM GRIFFITH**
Justice

Opinion delivered January 31, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[1] Because we have concluded that the evidence is legally and factually sufficient to support termination of V.H.'s parental rights under subsection (1)(M), we need not address V.H.'s first, second, third, and fourth issues regarding subsections (1)(D) or (1)(E). *See* TEX. FAM. CODE ANN. § 161.001(1); TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JANUARY 31, 2014

### NO. 12-13-00316-CV

### IN THE INTEREST OF M.L.H.-M., A CHILD,

Appeal from the County Court at Law

of Cherokee County, Texas (Tr.Ct.No. 2013-06-0390)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*